J. E. STOKES v. MRS. W. G. MAXSON, Appellant.

Joint Deed of Homestead: NOT REQUIRED AS TO EASEMENT IN HOMESTEAD. Code, section 2974, provides that no conveyance or incumbrance of a homestead if the owner is married, is valid, unless the husband and wife join in the execution of the same joint instrument of conveyance. A married woman made a written agreement with the owner of an adjoining building, allowing him to use the doorway and stairs which led to the apartments of each, but which were located entirely on her premises. *Held*, that the husband need not join in the agreement, to make it enforceable, since the right conveyed was an easement and did not pass title.

*Appeal from Muscatine District Court.*—HON. A. J. HOUSE, Judge.

THURSDAY, JANUARY 24, 1901.

ACTION to enjoin defendant from closing up a certain doorway, and from interfering with the plaintiff's use of a certain stairway. Decree for plaintiff. Defendant appeals. —*Affirmed.*

*E. C. Nichols* and *E. M. Warner* for appellant.

*J. E. McIntosh* and *P. M. Detwiler* for appellee.

GIVEN, C. J.—I. Appellant's counsel state the facts correctly and sufficiently for the purpose of the questions to

be considered, as follows: "The plaintiff and defendant are owners of adjoining brick buildings, two stories high, in West Liberty, Iowa, the front wall of the buildings being at the street line. The lower story of each building is used for business purposes. The plaintiff, with his family, occupies the second story of his building as a homestead, and the second story of her building is occupied in the same way by defendant and her family. The front stairway by which the upper stories of both buildings are reached, the door by which the stairway is entered from the street, and the hall or landing in which it ends upon the second floor are all the property of the defendant, and are all within the limts of her real property as described in the pleadings. The defendant is a married woman, and was at the time of the execution of the instrument set out in the petition and upon which the action is based. The instrument was not signed by her husband. After the contract was executed, the plaintiff allowed part of his dwelling to be occupied by a dressmaker, whose patrons reached her establishment by the stairway in question, and whose business was advertised by a sign attached to defendant's front door; the door by which the stairway is entered from the street." We may add that the sign was removed; that the patrons of the dressmaker were few; that the business in that place was abandoned in a short time, and that the plaintiff paid six months' rent, and has offered to pay rent since, which has been refused. There is evidence that the written agreement was destroyed without plaintiff's consent, but, as both parties treat it as still existing, we need not further notice that evidence. The written agreement is as follows: "This written agreement, made and entered into this twenty-eighth day of April, A. D. 1898, between Mrs. W. G. Maxson, party of the first part, and J. E. Stokes, party of the second part, both of West Liberty, Ia., Muscatine Co. (2) The party of the first part agrees to let party of the second part use the front stairway between the Maxson and Stokes buildings in con-

sideration of three dollars ($3.00) per year, payable every six months. (3) The party of the first part agrees to let the party of the second part use the front stairway as long as the party of the second part wants it. (a) The party of the second part agrees to pay the party of the first part three dollars per year for the use of the stairway between the Maxson and Stokes buildings. (b) The party of the second part agrees to clean step one-half time. [Signed] Mrs. W. G. Maxson. J. E. Stokes."

II. Defendant's contention is that, as her property is the homestead of herself and husband, said agreement is void, because her husband did not join in the execution thereof; and cites section 2974 of the Code, which is as follows: "No conveyance or incumbrance of or contract to convey or encumber the homestead, if the owner is married, is valid, unless the husband and wife join in the execution of the same joint instrument, whether the homestead is exclusively the subject of the contract or not, but such contracts may be enforced as to real estate other than the homestead at the option of the purchasor or incumbrancer." The question is whether the right granted is an incumbrance on the defendant's homestead. The right granted is "the use of the front stairway * · * * as long as the party of the second part wants it." For this use the plaintiff agreed to pay three dollars a year, payable every six months, and "to clean steps one-half the time." "An incumbrance is defined to be a right in a third person in the land in question, to the diminution of the value of the land, though consistent with the passing of the fee by the deed of conveyance." *Barlow v. McKinley,* 24 Iowa, 70. "An easement is a liberty, privilege, or advantage in land without profit, existing distinct from the ownership of the soil; and because it is a permanent interest in another's land, with a right to enter at all times and enjoy it, it must be founded upon an agreement by writing or upon prescription. But a license is an authority to do a particular act, or series of acts, upon an-

other's land, without possessing any estate therein. It is founded in personal confidence, and is not assignable, nor within the statute of frauds. The distinction between a license and an easement is oftentimes very subtle and difficult to discern." *Cook v. Railroad Co.,* 40 Iowa, 456. "Can a husband grant a right of way to a railroad over the homestead property unless the wife concurs in and signs the conveyance? As applied to the circumstances of this case, we answer this question also in the affirmative. The right of way is but an easement, and does not pass the title; and in this case it does not, and is not claimed to, affect the substantial enjoyment of the homestead as such. If the homestead was a single lot, and the right of way occupied it all, so as to destroy the homestead or defeat its occupancy as such the case would be very different." *Railroad Co. v. Swinney,* 38 Iowa, 184. See, also, *Railway Co. v. McWilliams,* 71 Iowa, 165; *Harkness v. Burton,* 39 Iowa, at page 104. These cases, we think, fully answer the defendant's contention. The right to use the stair and doorway does not pass title to the real estate, and does not affect the substantial enjoyment of the defendant's homestead as such. *McGowen v. Myers,* 60 Iowa, 257, cited by appellant, is not in point, as in that case the right to use the stairway was reserved in the deed, and provided for in a contract by which a building was to be erected and a stairway provided. In that case the right to the stairway was in diminution of the value of the land. Other cases cited we do not find to be in point. We conclude that the decree is correct, and it is therefore AFFIRMED.