A. M. JAMES, *et al.,* Appellants, v. G. J. GETTINGER, *et al.,* Appellees.

Schools: CHANGE OF SCHOOL HOUSE SITE: POWER OF BOARD: REVIEW OF ITS ACTION.   The directors of a school township have the power under Code, section 2773, to change the site of a school house without authority by a vote of the electors of the district; and where there is nothing before the court except an application for a mandatory injunction and a demurrer to the same, the expediency of removal cannot be considered; nor will the action of the board be considered on a simple allegation that it was surreptitiously taken in the absence of a statement of facts upon which the complaint is based.

*Appeal from Lucas District Court.*—HON. M. A. ROBERTS, Judge.

SATURDAY, FEBRUARY 20, 1904.

ACTION in equity for a mandatory injunction and other equitable relief.   To the petition as amended a demurrer was interposed and sustained.   The plaintiffs refused to plead further.   There was judgment against them for costs, and they appeal.—*Affirmed.*

*Will B. Barger* for appellants.

*J. A. Penick* and *E. A. Anderson* for appellees.

BISHOP, J.—The demurrer to the petition conceded facts pleaded by plaintiffs substantially as follows: That the plaintiffs are resident taxpayers and school patrons in Subdistrict No. 2, School District Township of Whitebreast, Lucas county, and that the defendants constitute the board of directors for said township; that at the annual meeting of the board in March, 1901, and without being authorized thereto by any vote of the electors of the township, a resolution was adopted by the board directing the removal of the schoolhouse in Subdistrict No. 2 to a point one-fourth mile south of its then present location; that such order for removal was made without the knowledge of the plaintiffs, and without taking account of the wishes of a majority of the taxpayers in the subdistrict, two-thirds of whom are opposed thereto. The trial court adopted the theory that under the law the board of directors had the power to change the site of the schoolhouse at its election, and without authority therefor having been first conferred by a vote of the electors of the district. Acting upon such theory, the demurrer was sustained, and the correctness of this ruling is the only question presented for our determination.

Under the provisions of Code, section 2773, the board of directors of a school township has power to "fix the site of each schoolhouse, taking into consideration the geographical position, number and convenience of the scholars." The present statute does not differ in any essential respect from the provisions appearing in previous codes relating to the subject. We do not think the question presented by the demurrer is an open one. On the contrary, our former decisions make it clear that "the power to fix carries with it the power to change the site of a schoolhouse by the district board." *Vance v. District Township,* 23 Iowa, 408; *Atkinson v. Hutchinson,* 68 Iowa, 162; *Carpenter v. Ind. Dist.,* 95 Iowa, 300. An appeal from the action of the board in all such cases lies to the county superintendent of schools. Code, section 2818. And in a case presenting proper grounds

for relief it is undoubtedly true that the power of the courts may be invoked. *Rodgers v. School Dist.*, 100 Iowa, 317. Whether or not an appeal to the county superintendent in the instant case was possible, in view of the lapse of time, we need not determine, as the question is not before us. Moreover, no such action has been attempted on the part of plaintiffs. That the petition presents no grounds for the interference of a court of equity is clear to our minds. The action of the board was taken at a regular meeting, and became a part of the public records of that body. True, it is alleged by way of conclusion that the action was surreptitiously taken. But this cannot be considered in the absence of allegations of fact upon which the same is based. So, too, it is said that no notice was given and that the schoolhouse was moved in the night. The law does not require that notice be given, and the matter of the time of moving the building, unaided by any other facts, could not be regarded as sufficient to make out a case of fraud, or to stamp the action of the board as wrongful or unlawful. With nothing before us but the petition, we certainly cannot pass upon the question of the necessity for or the expediency of the action of the board. This we say, conceding the doubtful proposition, that a court of equity may pass upon such question in the first instance. There are no allegations in the petition save that the old site is in the center of the district, and that two-thirds of the patrons favor the retention of such old site. Such facts cannot be accepted as controlling. The interests of the minority might greatly outweigh such considerations. In any event, it was for the board to act upon the situation, and its proceedings cannot be reviewed under an issue such as we now have before us. *Carpenter v. Ind. Dist., etc.*, 95 Iowa, 300. Counsel for appellant seem to think that the power vested in the board to make changes in schoolhouse sites, conceding that such theretofore existed, was taken away by the act of the Twenty-First General Assembly, now, as far as material to be considered, identical with subdivision 2 of section 2749 of the Code. In this we cannot agree. Sec-

tion 1724 of the Code of 1873, identical with section 2773 of the present, was unchanged, and there is nothing to indicate a purpose on the part of the Legislature to abridge the power of the board in reference to the matter of the selection of, or change in, schoolhouse sites. Moreover, the provision of section 2749, relied upon, has reference only to a sale or other disposition of school houses, sites, etc., whereby a district makes conveyance of the title thereto, and hence part, with all further rights and interests in the property as property. As a preliminary to such proceedings, the Code provision requires a vote of the electors.

. We conclude that the ruling upon the demurrer was correct, and the judgment is AFFIRMED.