ADAM KEIL, Appellee, v. JOHN WRIGHT ET AL, Appellants.

**Domestic fowls:** TRESPASS: INJUNCTION. To avoid a multiplicity of suits an injunction will lie to restrain domestic fowls from trespassing upon the premises of another, where repeated past and threatened future trespass is shown.

**Appeal:** MATTER NOT URGED BELOW. Matter which is not presented for the consideration of the trial court cannot be urged on appeal.

*Appeal from Iowa District Court.*— HON. O. A. BYINGTON, Judge.

WEDNESDAY, JULY 3, 1907.

ACTION in equity for a decree of injunction. A temporary writ issued on the filing of the petition, and this was made permanent by the decree. Defendants appeal.— *Affirmed.*

*Yoss & Wallace,* for appellants.

*Popham & Havner,* for appellee.

BISHOP, J.— The parties to this action — the defendants being husband and wife — are farmers residing in Iowa county, and their respective farms are separated only by a public highway. Plaintiff complains, as against defendants, of repeated trespasses on his premises by domestic fowls owned by them and under their control, resulting in injury and damage to his growing crops, and he asserts that further and continued like trespasses are threatened by defendants for the future. The defendants, in answer, deny generally and specifically the acts of trespass as charged by plaintiff. They also challenge the right of plaintiff to sue in equity for an injunction, and this upon the ground that as they, defendants, are entirely solvent, plaintiff had an adequate remedy at law by way of an action for damages.

On the fact issue of trespass it must be said that the evidence preponderates in favor of the conclusion that the chickens did cross the road. So, too, it appears that the crossing was oft repeated, and this in spite of the complaints and protests of plaintiff.

.1. DOMESTIC FOWLS: trespass: injunction.

And we think, as did the court below, that in view of the location of defendant's yards, and of their attitude towards plaintiff, and considering also the notion entertained by them of their legal rights in the premises, to which we shall make reference presently, continued trespasses are to be apprehended in the future unless means of restraint is afforded by the strong arm of the law. By its ruling on a motion of defendants to dismiss, and in its conclusions expressed on which the decree was predicated, the court below held that the facts made a case for an injunction, notwithstanding there had been no proof of defendant's insolvency; and in such conclusion we agree. It is true, as a general rule, that an apprehended trespass on real estate

will not be restrained by injunction, unless it is made to appear that the resulting injury would be irreparable, or that, by reason of insolvency, compensation could not be had in an action at law. But where, as in this case, it is disclosed to the court that repeated invasions have occurred in the past, and are threatened for the future, on familiar doctrine equity will interfere by injunction, to the end that a multiplicity of suits may be avoided. Without aiming to detract from the dignity and importance of the Iowa hen, it would be intolerable to require of this plaintiff that he sue separately for the damage done by each cackling hen and stately rooster upon the occasion of each predatory excursion across the fateful road. Accordingly we are constrained to hold that the action in its present form is maintainable. *Halpin v. McCune*, 107 Iowa, 494; High on Injunctions, section 702.

　　Counsel for appellants in argument have gone beyond the matters of defense suggested by them in pleading, and present the thought that plaintiff's action will not lie for the reason that the English common law relative to domestic fowls has never been adopted in this country, hence that such fowls are free commoners, and have the right to go whithersoever they will; and it is facetiously said that, " if this court should hold the English common law in force in this State, it would have a far greater damaging result to the interests of the State, and the people generally, than all the damage that all the chickens, geese, and turkeys might commit in the State, for the reason that it means putting a curb upon the chicken industry." However alluring the field of inquiry and discussion we are thus invited to enter, we must decline in virtue of our repeated holdings, to the effect that a question not presented for the consideration of the trial court cannot be made the subject of argument in this court on appeal. It is true, as shown by the record, that several days after the decree had been entered the defendants appeared and filed a

2. Appeal: matter not urged below.

motion to set the same aside on the ground, among others, "that under the Iowa law chickens, geese, and turkeys cannot be restrained, as the same are free commoners." This motion was overruled, and properly so, because presenting matter of defense not pleaded, or suggested on the trial, and in so ruling it cannot be considered that the court intended to make any pronouncement on the abstract subject of legal right thus brought to its attention.

We conclude that there was no error in the decree; and it is *affirmed*.