J. KIRCHNER ET AL., Appellants, v. THE BOARD OF DI-
RECTORS OF SCHOOL TOWNSHIP OF WAPSINONOC, ETC.,
ET AL.

School districts: SCHOOL HOUSE TAX: CERTIFICATION. When the elec-
tors of a school district have voted a tax at the annual meeting
for school house purposes, it becomes the duty of the secretary
of the board to certify the same to the supervisors within the
time and as required by Code, section 2767, regardless of any ac-
tion of the board, unless the vote is rescinded by a subsequent
vote of the electors.

Same: LEVY OF SCHOOL HOUSE TAX. The fact that the electors at their
annual meeting voted a school house tax in excess of that which
can legally be levied in any one year does not render the action
of the electors void, but the supervisors should make the legal
levy notwithstanding the excessive amount voted.

Special school meetings: DUTY OF BOARD: DISCRETION: *Mandamus.*
A board of school directors may call a special meeting of the
electors when petitioned, to vote upon the question of rescinding a
former vote authorizing a school house tax, but the statute
makes the matter discretionary with the board and the court will
not require it to act.

Same. After taxes levied for school purposes in accordance with a
vote of the electors of the district have become due, and a part
or all have been paid, an action to require the board to call
a special meeting to vote upon the question of rescinding the
former vote will not lie.

School tax: CERTIFICATION. The certificate of a school clerk to the
supervisors certifying that a tax was voted by the electors upon
the taxable property of the district is not void, because indicating
an attempt to levy a tax on the property belonging to the district
itself.

*Appeal from Muscatine District Court.*—HONS. D. V.
JACKSON and J. W. BOLLINGER, Judges.

MONDAY, OCTOBER 26, 1908.

REHEARING DENIED TUESDAY, JANUARY 26, 1909.

THE opinion states the case.—*Affirmed.*

*E. M. Warner* and *Richman & Richman,* for appellants.

*Jayne & Hoffman,* for appellees.

SHERWIN, J.—The petition in this case was filed on the 25th day of January, 1907. It is alleged, in substance: That the plaintiffs were qualified electors of the school township of Wapsinonoc, in Muscatine County, Iowa, and taxpayers therein. That on February 26, 1906, at a called meeting of the board of directors of said school township, a petition was "accepted" by said board signed by eighty-three names, asking that there be submitted to the voters of said school township at their next annual meeting the proposition: "Shall a schoolhouse tax to the amount of $8,000 be levied on the taxable property of the school corporation of Wapsinonoc for the purpose of erecting a school building as near the geographical center of the school township as practical?" That action was taken by the board providing for posting notices and procuring to be printed the necessary ballots, that on or about March 12, 1906, pursuant to notice, a vote was had in said school township upon the proposition above referred to, as appears by the record of said board, and said proposition was carried by ninety-four affirmative votes as against seventy-eight negative ones. It was further alleged that at the regular meeting of the board of directors of said school township held on March 19, 1906, a motion that said $8,000 tax be levied, $1,600 payable in 1907, and as much annually until paid, was voted down, and a motion to issue bonds for said $8,000 at 4½ per cent. interest, payable semiannually,

was also voted down, and no further action relating to said matter was had at said meeting. That at an adjourned meeting of said board of directors March 26, 1906, provision was made for submitting to the electors at a special election to be held on the 14th of April, 1906, the question: "Shall the school corporation issue negotiable bonds not to exceed the amount of $8,000." That said question was so submitted, and was defeated by a vote of the electors of the district. That at a meeting of the board of directors held July 2, 1906, a motion was offered to the effect "that the secretary be instructed to certify a tax of $8,000, voted by the electors at the last annual meeting, to build a central schoolhouse, and that the board of supervisors levy each year $3,200 until the amount be collected. The plaintiffs further alleged that the motion last referred to was lost, but that after the adjournment of said meeting and without authority, and falsely and fraudulently, the minutes of said meeting relating to said motion were altered, so that they showed a tie vote thereon. That thereafter without authority or direction from said board of directors, and under date of July 5, 1906, the secretary of the board certified to the board of supervisors in relation to said $8,000 tax as follows: "I also certify that at a meeting of the qualified voters of the school township of Wapsinonoc, in the county of Muscatine, State of Iowa, held on the 12th day of March, 1906, a tax of $8,000 was voted on the taxable property of said district for the schoolhouse fund, and that the board of supervisors levy each year the limit that the law allows until the said amount is received."

It is further alleged: That the certificate above referred to was wholly unauthorized by any action of the board of directors of the school township. That pursuant to said certificate, the board of supervisors of Muscatine County levied a special tax of ten mills on the dollar in addition to the ordinary taxes upon the taxable property

in said school township, which provides the sum of $4,808.-
79 to be collected with the taxes of the current year on
account of said $8,000. · That said tax has been extended
on the books of the county treasurer, and he is now de-
manding and seeking to collect the same from the plain-
tiffs and other taxpayers in said school township. Plain-
tiffs further alleged that in the latter part of August, 1906,
a petition signed by more than two-thirds of the voters in
said township was addressed to the president and board of
directors of said school township, asking that a special
election be called of the voters of said school township
to vote upon a proposition to rescind their former vote of
a tax of $8,000 to build a central schoolhouse. That
"said petition was presented and given to the president of
said board of directors. But the said president and board
of directors have ignored the said petition, and neglected
and refused to call said special election or take any action
whatever with reference to said petition." The petition
further alleged that the original tax of $8,000 was and is
void for that "said electors . . . failed to designate
that only a portion of said tax, less than ten mills on the
dollar, should be paid in any one year." The prayer of
the petition was as follows:

Wherefore plaintiffs pray that a writ of *mandamus*
issue herein commanding the defendants, the said board
of directors, and their officers to submit to the voters of
said school township the proposition asked by the petition
hereinbefore referred to at the regular annual election
or special election called for the purpose within a reason-
ably short time. That meantime the defendant E. C.
Stoker, treasurer of Muscatine County, Iowa, be restrained
and enjoined from collecting ten mills of the sixteen and
one-half mill tax levied against the property of said school
township of Wapsinonoc, or at any rate such part of said
tax as is levied against the plaintiffs herein and their
property. And plaintiffs ask that a temporary injunction
be issued to and against said defendant treasurer herein
to said same intent and purpose, and for such other fur-

ther and different relief as the case may require and judgment for costs against the defendants A. B. Anderson and B. F. Herr.

The defendants filed a demurrer to the petition, alleging generally that it did not state facts entitling the plaintiffs to the relief demanded, and alleging specifically that the schoolhouse tax in question was regularly voted and regularly certified to the board of supervisors by the proper officers, and regularly levied by said board and spread upon the tax books, and that the school directors were under no obligations to call a special election to rescind the former action of the electors. That rights have become vested under the former action of the electors, and that the same is no longer subject to recall by the electors or by the officers of the school board. The demurrer was sustained generally, and the plaintiffs appeal.

The appellants in their brief and argument state that but two questions are presented for determination: First. "Was the original tax voted valid and enforceable?" Second: "Did the board of directors have a discretion to refuse to submit at a special election the petition of one hundred and sixty-four electors?" The appellants devote much of their argument to a discussion of the first question, but, aside from the question as to the certification of the tax by the secretary of the board, it is not applicable to the issues presented by the petition. There is no allegation of any illegality in the proceedings of the board of directors of the school township prior to the vote of the electors on the question in controversy, so that, so far as this branch of the case is concerned, it will only be necessary to determine whether the secretary of the board properly certified the action of the electors to the board of supervisors of Muscatine County, and whether the action of the electors in voting an amount in excess of the proceeds of a levy of ten mills on the dollar invalidated

the entire proceeding. These two questions we shall dispose of in the order in which they are stated.

Code, section 2767, provides as follows as to the duties of the secretary of the board, so far as the same is material to the question now under consideration: "Within in five days after the board has fixed the amount required for the contingent and teachers' fund, he shall certify to the board of supervisors the amount so fixed, and at the same time shall certify the amount of schoolhouse tax voted at any regular or special meeting." This statute points out clearly and unequivocally the duties of the secretary of the board in relation to the matter under consideration. After the electors had voted the tax of $8,000, it was the imperative duty of the secretary of the board to certify the same to the board of supervisors, unless the vote was subsequently rescinded by another vote of the electors. This duty did not depend at all upon the future action of the board or upon its failure to act. In making the certification under consideration, the secretary did no more than the law required of him. Had he done anything less, he would have failed in the proper discharge of his duty. The fact that he incorporated in his certificate a request that the board levy the tax in accordance with the law defining their duties is wholly immaterial. It is to be presumed that the board of supervisors acted and would act on the authority conferred upon them by the statute, and not on suggestions made by the secretary of the school board.

Section 2749 of the Code, in the seventh subdivision thereof, gives the voters assembled at the annual school meeting the power "to vote a schoolhouse tax, not exceeding ten mills on the dollar in any one year, for the purchase of grounds, construction of schoolhouses, the payment of debts contracted for the erection of schoolhouses, not including interest

1. SCHOOL DISTRICTS: school house tax: certification.

2. SAME: levy of school house tax.

on bonds, procuring libraries and for and opening roads to schoolhouses." Section 2807 provides as follows: "The board of supervisors shall, at the time of levying taxes for county purposes, levy the taxes necessary to raise the various funds authorized by law and certified to it under this chapter, but if the amount certified for any such fund is in excess of the amount authorized by law, it shall levy only so much thereof as is authorized by law." It seems to us that this section of the statute answers clearly and definitely the contention of the appellants that the tax in question was illegal and void because the amount voted was in excess of the amount which could be realized from a levy of ten mills, the limit provided for in the statute. The Legislature evidently contemplated that the electors of school townships might vote a fund for the erection of schoolhouses in excess of the amount that could be realized by the statutory levy, and hence it was provided that in such cases the board of supervisors should make the legal levy notwithstanding the excessive amount voted by the electors. And we see no valid reason for holding that the vote of the electors should be declared void and of no effect simply because they voted a larger amount than could be levied in any one year.

The question whether the board of supervisors would have authority to make a ten-mill levy from year to year until the entire amount voted was realized is not properly before us in this case, and should not be determined. We go no farther than to hold that the action of the electors and of the board of supervisors at the time this suit was brought was fully authorized by the statute. It is a familiar rule that cases must be determined upon the facts existing at the time the case is commenced.

The important question presented in this case, as we view the matter is whether the board of directors of the school district were bound to call a special election for the purpose of submitting to the electors of the district the

question whether the former action in voting the tax should be rescinded, and whether the refusal

3. SPECIAL SCHOOL
MEETINGS: du-
ty of board:
discretion:
*mandamus.*

of the board to call such an election furnished ground for the relief prayed in the petition. Code, section 2749, to which we have already referred, further provides as follows: "The board may, or upon the written request . . . of ten voters of any school township . . . shall, provide in the notice for the annual meeting for submitting any proposition ·authorized by law to the voters." Under this section .it has been held that, when the requisite number of voters sign a written request for the submission at the annual meeting of any proposition authorized by law to the voters, it is the duty of the board to provide in the notice of the annual meeting for the proposition so requested to be submitted, but, in the absence of such written request, the board may exercise its discretion in the matter; but this section relates to the annual meeting only, while the written request presented in this case asked only that a special election be called for the purpose of rescinding the vote, and the action of the board thereon must be determined under the provisions of section 2750 of the Code, which provides "the board of directors may call a special meeting of the voters of any school corporation by giving notice in the same manner as for the annual meeting, whenever the corporation has lost the use of a schoolhouse by fire or otherwise, which shall have the powers given to a regular meeting with reference to the sale of school property and the application to be made of the proceeds, and to vote a schoolhouse tax for the purchase of the. site and the construction of a necessary schoolhouse and for opening roads thereto." This section was amended by chapter 104, Acts 28th General Assembly (Laws 1900), by striking therefrom the words, "Whenever the corporation has lost the use of the schoolhouse by fire or otherwise." So that at the time of the transaction in question the board had au-

thority under the law to call a special meeting of the electors for the purpose of voting on the proposition to rescind. *Hibbs v. Board of Dir.*, 110 Iowa, 306. But the statute does not provide that the board of directors must call a special meeting upon the petition of the electors. No provision for such action on the part of the board is made. The statute goes no further than to give the board discretion in the matter. It may or it may not call a special meeting as the exigencies of the case may require. And, where a matter is discretionary with a board or public officer, the law will not interfere by *mandamus* to compel it to act in the very matter which is discretionary. *Preston v. Board*, 124 Iowa, 357; *Scripture v. Burns*, 59 Iowa, 70.

There is another reason why the ruling of the trial court on the demurrer should be sustained under the facts alleged in the petition. It will be remembered that the petition in this case was filed on the 25th of January, 1907, and that it is alleged therein that the board of supervisors had already levied the special tax, that the same was due, and that the treasurer was proceeding to collect the same. These allegations of the petition must be taken as true for the purposes of this case. The law will presume, in the absence of any contrary showing, that taxes are paid when they become due, hence it is fair to say that at least a part, if not the whole, of the taxes due under the levy in question had been paid at the time this suit was brought, and, if this be true, it would follow as a legal proposition that rights had become vested which could not be disturbed in this action, and that the plaintiffs would have no right to ask for a vote rescinding the previous action of the electors. *Benjamin v. Dist. Tp.*, 50 Iowa, 650; *Edworthy v. Iowa, S. & L. A.*, 114 Iowa, 225.

4. SAME.

The appellants also say that the clerk's certificate was a nullity and furnished the board of supervisors no

authority for its subsequent levy, because it stated that the tax had been voted on the "taxable

5. School tax: certification.

property of the district." There is clearly no merit in this contention because any one would know that the electors had not attempted to raise a tax for the erection of a new schoolhouse by providing that it be raised from the levy on its own property.

The trial court was clearly right in sustaining the demurrer, and the judgment rendered thereon is *affirmed*.