Lee J. Chapman, Appellee, v. John F. Pfaar and others, Appellants.

Negligent sale of explosives: SUFFICIENCY OF PLEADING. Allegations that defendant sold plaintiff's wife, as kerosene, a dangerous mixture, which in fact contained a large percentum of gasoline, after notice of its dangerous character, and failure to have it examined by an expert, were sufficient to charge actionable negligence; especially as it had been so regarded by the parties without objection on that ground through two trials of the case.

Same: INSTRUCTIONS. It is the duty of a dealer in kerosene oil, upon receiving notice that would lead a reasonably prudent person to think that it was not of the required test, but contained an explosive substance in dangerous quantities, to make such an examination and test as a reasonable prudent dealer would make under such circumstances, using the knowledge and appliances of such a person in making the test. And the instructions in this case fairly state the rule.

Same. In determining the question of negligence in the sale of oil as kerosene, which in fact contains a dangerous percentage of gasoline, the fact that it contained gasoline, that injury resulted from the use thereof, and that an examination by an expert inspector might have revealed its true character, are proper matters for the consideration of the jury. And the question of whether defendant, after notice of the dangerous character of the oil, took all the precautions that could reasonably be required of him was for the jury.

Same: DAMAGES: LOSS OF WIFE AND MINOR CHILDREN. There is no fixed rule by which to measure the damages resulting from loss of services, the negligent death of minor children, and the loss of society of a husband or wife, but it is a matter largely in the discretion of the jury. In the instant case the sums allowed are not so excessive as to indicate passion and prejudice.

*Appeal from Harrison District Court.*—HON. E. B. WOODRUFF, Judge.

THURSDAY, OCTOBER 19, 1911.

ACTION to recover damages for the personal injury of the plaintiff and for the loss of the services of three minor children and of the society of his wife, all of whom are alleged to have met their death through the negligence of the defendants. There was a trial to a jury resulting in a verdict and judgment for plaintiff, and defendants appeal. —*Affirmed.*

*Shaw, Sims & Kuehnle* and *C. A. Bolter,* for appellants.

*S. H. Cochran,* for appellee.

WEAVER, J.—The plaintiff's wife and three young children were fatally injured by an explosion of kerosene oil or an article supposed to be kerosene oil purchased from the defendants, and he brings this action at law to recover damages. A former judgment in his favor was reversed by this court for error in the charge to the jury, but it was held that the evidence was sufficient to justify the submission to the jury of the question of defendants' alleged negligence. 145 Iowa, 196. There was also a prior verdict in plaintiff's favor, which was set aside by the trial court for reasons not material to the consideration of the present appeal. The plaintiff, a farmer, resided near the town of Pisgah, where the defendants were retail dealers in merchandise, including kerosene oil and gasoline. On May 25, 1907, they by their agent or manager sold and delivered to plaintiff's wife one gallon of an article purporting to be kerosene. Returning with it to her home, Mrs. Chapman attempted to use some of the oil in lighting a fire of corncobs, when an explosion occurred, resulting in the death of herself and three young children. It was admitted of record that the article so sold the wife contained 21 percent of gasoline, but it is denied that defendants or their agent knew of the dangerous mixture, or were negligent in respect thereto. When purchased by defendants, the barrel from which the sale was made bore the stamp of the state oil inspector, indicating a flash test of 106 degrees. After they began selling from this barrel, and before the sale to Mrs. Chapman, a customer who had taken some of the oil home telephoned to the store, giving notice there was something wrong with it, and advising that it be tested. Thereupon defendants' manager claims he drew some of the oil, and, taking it to the alley, tested it by the application of lighted matches, and, finding no indication of anything wrong, telephoned the customer it was all right. That the admitted facts and the sworn testimony made a case for the jury upon the question of defendants' negligence was, as we have

already noted, determined upon the former appeal, and is no longer open to argument. Indeed, were it still undecided, the conclusion that the showing is sufficient to sustain a finding against defendants upon that proposition would be too evident to admit of serious argument. We shall therefore confine our consideration of the appeal to an inquiry whether prejudicial error is shown in other rulings of the trial court.

I. In a motion to direct a verdict in their favor after the evidence was all in, defendants, among other things, raised the objection that the petition made no sufficient charge of actionable negligence on their part. The case then had been pending for some three years, and had been tried to a jury without any objection to the sufficiency of plaintiff's pleading to sustain a finding in his favor. This fact may not be a good ground for overruling the point made against the petition if that pleading be clearly and radically insufficient, but it does afford a very good reason why the plaintiff will not be sent out of court upon such a motion if by any fair reading or reasonable interpretation of his petition the merits of the controversy can be adjudicated thereon.

The charge of the petition which is here involved is, in substance, that defendants' agent sold and delivered the oil to plaintiff's wife after he had been notified of its dangerous character, and did not have the oil

1. NEGLIGENT SALE OF EXPLOSIVES: sufficiency of pleading.

inspected by an expert oil inspector. It is said by counsel that it is not enough to charge that the sale was made after the agent received notice that something was wrong with it, but that, to make a case, it was incumbent on the plaintiff to specifically allege and prove that the agent actually knew the oil was dangerous, or by the exercise of reasonable care in the test made by him he ought to have discovered that fact. We are of the opinion that such specific allegation is not necessary to the statement of a cause of action. The

substance of the charge as made is that, instead of delivering to the purchaser the oil for which she asked, the agent delivered to her a dangerous mixture containing 21 per cent. of gasoline, and that such sale was made after notice of the character of the article. The word "negligence" is not here used, but the sum and substance of the allegation is an allegation of negligence, and the motion to direct a verdict on this ground was properly denied. It should be further said in this connection that the case was tried and retried on the theory that the issues were sufficiently broad to permit all these phases of the case to be considered, and we are satisfied to accept this practical interpretation of the pleadings by all concerned. If it be alleged and proved that defendants sold for oil a mixture containing 21 percent gasoline, we are not now prepared to hold that no cause of action is shown, or that, upon such showing, it does not become incumbent on the seller to show that he acted with due care, but, if there be any doubt upon this proposition, there is scarcely room for any, where it is alleged that such sale and delivery were made after notice of the dangerous character of the article.

Plaintiff also charged the defendant with negligence, in that, after having notice that something was wrong with the oil, they failed to have the same examined by an expert inspector. Concerning this allegation, the court instructed the jury as follows:

(6) . . . As Strong was the agent of the defendants carrying on the store in question, his negligence, if he was negligent, would be the negligence of the defendants. It was his duty to use reasonable and ordinary care not to sell oil which did not conform to the test required by law. In the first instance, and until he had knowledge or notice to the contrary, or such notice as would put a reasonably prudent man upon inquiry, which would lead to such knowledge, he had the right to rely upon the inspector's stamp or brand upon the barrel from which the oil sold to plaintiff's wife was taken. If

however, such information came to him prior to the sale of the oil to plaintiff's wife as would put an ordinarily prudent person upon inquiry and investigation that would have developed the fact that the oil in question was not up to the required test, then he was negligent in not making such investigation or having it made before making further sales of the oil. There is no requirement that the seller of oil provide himself with apparatus for making the closed test such as the statute requires to be made by the inspector, and there is no specific requirement of law that the seller shall under any circumstances call upon a state inspector to determine the character of oil which has been purchased in a barrel properly branded. It was the duty of the said agent, Strong, on receiving information, if he did receive it, such as would lead a reasonably prudent man to think that the oil which he was selling out of said barrel did not correspond to the brand on the barrel, to himself make or cause to be made by some competent person such inspection as would reasonably determine whether the oil which he was selling was in fact dangerous; that is, of a lower standard than that required by statute.

(7) The said Strong had the right to rely on the inspector's brand on the barrel, indicating that the oil in the barrel was of the standard required by statute until he had information such as would indicate to a reasonably prudent man dealing in oil that it did not correspond to the standard indicated by such brand, and the real question for determination by you is whether the said Strong was negligent after receiving such information, if he did receive it, in making the test which he did make, or in not making or having made a different or more thorough test than that which he in fact did make, either by himself or some other competent person.

(8) It is a question of fact for you to decide from all the evidence in the case whether the said Strong did make, or might have made with the means at his command, such a test as did disclose or would have disclosed the dangerous character of the oil in question, and, in this connection, it becomes important for you to determine from the evidence whether the test which Strong made and the results which he obtained from such test were sufficient to justify an ordinarily prudent man in believing that the oil in question

was up to the required standard; and you should take into consideration the manner in which he did make the test, and whether, with the means at hand and with the knowledge which the ordinarily prudent dealer in oil would be presumed to have as to the nature of illuminating oil and the method of determining its safety for use, he did make, or could have made, such a test as would have shown the dangerous character of the oil in question, and, taking into consideration all the facts and circumstances known to Strong at the time and all the evidence in the case relating thereto, it is for you to decide whether the said Strong was negligent in selling the oil in question to plaintiff's wife, and, if you find under the evidence that he acted as a man of ordinary prudence would have acted under like circumstances, then he was not negligent, and plaintiff cannot recover herein.

Vigorous complaint is made of these instructions. It is urged that they impose upon the defendants a greater burden than the law will justify. Specifically it is said that the effect of these instructions was to drive the defendant to the necessity of discovering the explosive character of the oil at all hazards, subject to the charge of negligence upon failure to make such discovery; that is, although he could only be expected to act as a reasonably prudent dealer would under like circumstances, using the knowledge and appliances of such person in making any test, yet if, with such skill and equipment and doing as such person would do, he failed to discover the actual condition of the oil, then, under the instruction, the jury had the right to find him guilty of negligence.

2. SAME: instructions.

If such were in fact the meaning and effect of the language of the trial court, we could readily agree with counsel that "the mere statement of the proposition shows the vice of the instruction," but such conclusion can be reached, only by subjecting the court's charge to a very hypercritical interpretation and reading into it a meaning quite evidently not intended; nor do we think that any such

meaning could have been extracted from it by the jury. Taking the charge as a whole, it fairly reflects the law of the case as settled upon the former appeal.

II.   Special complaint is made of the refusal of two instructions numbered 8 and 9 asked by the defendants. So far as the ninth request stated correct propositions of law, they seem to have been sufficiently covered by the charge of the court.

The eighth request was to the effect that the jury in passing upon the question of defendants' alleged negligence could not give any consideration or weight whatever to the fact that the oil contained 21 per cent. of gasoline, nor the fact of injury resulting therefrom, nor to the fact that an examination by an expert inspector might or would have revealed the true character of the mixture.   The request was properly refused.   It asks altogether too much.   The very fact that a dealer handling oils and gasoline passes out a mixture containing 21 percent of the latter as being oil or kerosene suitable for ordinary domestic use is a circumstance from which under some circumstances at least a jury may be justified in drawing an inference of negligence.   Suppose, instead of 21 percent, the proportion of gasoline is 50, 75 or 90 percent, or suppose a barrel of unmixed gasoline bears the inspector's brand as kerosene, and the dealer draws the liquid from day to day and sells it as kerosene, will it be argued that the jury cannot rightfully consider this fact as bearing upon such dealer's degree of care?   Must the court say in such instance as a matter of law that the brand will protect the dealer from the charge of negligence?   Is there not a point somewhere where the dangerous character of the article will be so evident to the senses that a dealer having presumed familiarity with the characteristics of kerosene and gasoline will or ought to detect the true nature of the article he is handling.   A fair consideration of these things will demonstrate to the unprejudiced mind that the

3. SAME.

request of the defendants in this respect was properly re-
fused.

So, also, with respect to the proposition concerning the
alleged failure to call in an inspector. The most which can
be said in this respect is that, upon the former appeal, we
said, in substance, that such failure could not be held
negligence as a matter of law, but whether defendants'
agent took all the precautions which were reasonably required
of him was for the determination of the jury in the light
of all the proved circumstances. The rulings of the court on
the new trial fairly conform to this standard, and we find
no error therein.

Finally, it is said the verdict and judgment are exces-
sive. The jury assessed plaintiff's damages for his own
personal injury at $160, for the loss of the services of his

4. SAME: dam- three children, aged, respectively, one year,
ages: loss of
wife and three years, and nine years, at $299.71 each,
minor
children. and for the damages on account of his wife,
who lived only a few hours after the accident, at $25. There
is no exact mathematical rule or standard by which such
damages can be stated or estimated with unvarying exact-
ness, and it must be largely left to the sound, impartial
discretion of the jury. The sum allowed does not impress
us as great enough to indicate passion or prejudice in the
jury, and we have no inclination to disturb it.

The judgment of the district court is *affirmed*.