W. J. BARCLAY, et al., v. THE SCHOOL TOWNSHIP OF WAPSINONOO, et al., Appellants.

**Schools:** NOTICE OF BOARD MEETINGS: SUFFICIENCY OF NOTICE. The statute providing that a special meeting of the board of school directors may be called upon notice of the time and place, delivered to each member in person, does not contemplate the mailing of notice to the members; and an attempt to serve notice by mail which does not reach the member to be notified is insufficient, notwithstanding the good faith of the secretary of the board in attempting to give the notice; and the proceedings of the board in the absence of a member to whom legal notice of the meeting was not given are invalid.

**Same:** SALE OF SCHOOL PROPERTY: POWER OF ELECTORS: INJUNCTION. The statutes expressly confer upon the electors of a school corporation, at the annual or a special meeting duly called for that purpose, power to direct the sale or other disposal of any school house or site, or other property belonging to the corporation; and a court of equity will only interfere with an exercise of this power, when the question, properly submitted, presents a clear ground of equitable relief. The mere fact that a school house had been built but never used for any purpose does not create in the taxpayer a vested right therein which will prevent a sale by the electors.

*Appeal from Muscatine District Court.*—HON. A. P. BARKER, Judge.

FRIDAY, NOVEMBER 15, 1912.

THIS suit in equity was instituted by certain electors and taxpayers of the defendant school township to set aside the action of the electors of said township in voting and directing the sale of a school building, and to restrain the members of the board of directors of the township who are made defendants with it from selling or

otherwise disposing of said school building.    There was
was a decree for the plaintiffs, and defendants appeal.—
*Affirmed.*

E. F. *Richman* and E. M. *Warner,* for appellants.

E. C. *Nichols,* for appellees.

McClain, C. J.—In March, 1906, at the regular
annual meeting of the electors of the defendant school
township, a tax of $8,000 was levied on the taxable prop-
erty in the township for the purpose of erecting a school
building as near the geographical center of the township
as practicable.    In January of the following year, an ac-
tion was instituted by certain qualified electors of the town-
ship to compel the board of directors to submit to the voters
of the township a proposition to rescind the former vote.
This action was determined adversely to the plaintiffs in
that action.    See *Kirchner v. Board of Directors,* 141
Iowa, 43.    The new building was constructed and ready
for occupancy in the spring of 1908, but it has never been
occupied for school purposes; the separate schools in the
seven subdistricts of the township being maintained in
the buildings formerly used for that purpose.    In October,
1909, at a special meeting of the board of directors, a
special meeting of the electors of the township was called
to vote upon the proposition to sell the central school build-
ing, and devote the proceeds to the repair of the old build-
ings in the various subdistricts, and at this special meet-
ing of the electors the sale of the new building was ordered.
The validity of the action of the board of directors in
calling this special meeting of the electors is now assailed
on two grounds:    First, that at this special meeting of the
board two directors were absent who had not been notified
of that meeting as provided by law; and, second, that by
the payment of the tax assessed for the purpose of building

the central schoolhouse as ordered at the annual meeting of the electors in 1908 the plaintiffs and other electors and taxpayers acquired a vested right to have the building equipped and used as a school building and that the electors had no authority at a subsequent meeting to order its sale. Incidentally it appears that in reliance upon the vote of the electors at a special meeting the new building has been sold for $510, on condition that the injunction sought in the present action be denied.

I. It appears that on September 29, 1909, the secretary of the board of directors attempted to call a special meeting of the board to be held on October 2d, with reference to calling a meeting of the electors to vote upon the proposition to sell the school building, and that he notified all of the directors but two of this meeting, and that the directors thus notified were present at such meeting, while the two directors not formally notified were not present; and it is conceded that if, as to either of these two directors, there was an entire want of notice, then the action of the directors at this special meeting was invalid, and the action of the special meeting of the electors thus ordered was also invalid, and the relief asked in this action was properly granted. There is some doubt under the record whether one Herr, the president of the board, who was absent from the special meeting, was sufficiently notified or waived notice; but the lower court held there was no notice whatever to the other director who was absent (one Anderson), and, if this holding is sustained by the record, then we have no occasion to consider the objection made on account of the absence from the meeting of Herr.

*1. SCHOOLS: notice of board meetings: sufficiency of notice.*

It is provided in Code, section 2757, that special meetings of the board of directors of a school corporation may be called by the secretary at the written request of a majority of the board "upon notice, specifying the time and place delivered to each member in person, and attend-

ance shall be a waiver of notice." Now it appears that on the 29th of September, when the secretary of the board gave notice to other directors of the special meeting to be held on the 2d of October, he did not give notice of any kind to Anderson who was at his home on that day, the secretary being misled by erroneous information derived from another person that Anderson was not at home and could not be reached personally; and that the secretary thereupon deposited in the mail, properly addressed to said Anderson, a letter notifying him of such proposed meeting, which letter was never, in fact, received by Anderson, who left home on the morning of the following day, and was absent from the state until after the proposed meeting was held.

The statute evidently contemplates some form of specific personal notice on each member. Whether this notice must be in writing, or whether it may be waived otherwise than by attending the meeting, we need not now determine, for no actual notice of any kind was given to Anderson, and he had no information as to the proposed meeting. The statute does not authorize a mailing of notice, and, in the absence of any such authority, we are unwilling to hold that an attempt to give notice by mail, which does not reach the member to be notified, is sufficient.

It is contended that the secretary made reasonable effort under the circumstances, as they appeared to him, to give notice to Anderson, and that, had further effort been made after the 29th of September to serve him with personal notice, such effort would have been unavailing to secure his attendance, for the reason that he was absent from the state. It is sufficient to say that the statute does not provide that reasonable effort to give notice shall be sufficient. The personal delivery of some form of a notice is required. When it appeared to the secretary that such notice on Anderson was impracticable with refer-

ence to a meeting on the third day following that on which
notice to the other directors had been given, he still had
the power to call a meeting of the directors at a later date
of which notice might be given.    It does not appear that
Anderson had permanently left the state; on the contrary,
he, in fact, returned to his home within a few days after
the special meeting of the board was held.    It was not
therefore impracticable for the secretary to have called the
special meeting of the board at such time as that notice
thereof on Anderson could have been given.    On account
of the failure to give proper notice to Anderson, the special
meeting of the board was not lawfully called, and its
action in submitting to the electors the proposition to sell
the school building was therefore invalid.

Counsel on each side of the case argue at some length
the question whether the electors would have had authority
at a special meeting properly called to practically rescind
the previous action of the electors author-
izing the erection of the school building by
ordering its sale and we are specially asked
to affirm the ruling of the lower court, hold-
ing that, after the erection of the building, the taxpayers
acquired a vested right to have such building used for
school purposes which can not be defeated by subsequent
action of the electors.    If the taxpayers have such a vested
right, it would no doubt be desirable that we now so de-
clare in order that further controversy as to the sale of
the building be avoided.    The taxpayers of the school town-
ship would certainly be subjected to a hardship if a school
building, costing $8,000, is sold before it has ever been
used for school purposes, and for a comparatively insig-
nificant amount, in order to devote the proceeds to the
improvement of other school buildings which were already
in existence before the action of the electors was taken
with a view to the substitution of a new central building
for the existing buildings in the subdistricts.    But we are

2. SAME: sale of
school prop-
erty: power
of electors:
injunction.

far from satisfied that a court of equity has authority to interfere with the action of the electors at a regular annual meeting or a special meeting duly called to which the proposition may be submitted for the sale of such school building.

The authority to direct the sale or other disposal of any schoolhouse or site or other property belonging to the corporation is expressly conferred upon the voters at an annual meeting or a special meeting to which such proposition may be submitted. See Code, sections 2749, 2750, as amended. Certainly a court of equity should interfere with the action of the electors on a matter properly submitted to them for consideration only when some clear ground of equitable relief is presented. It will not do to say that, when a school building has been erected in pursuance of the action of the voters it can never be possible under changed conditions for the electors to order the sale of such building and the use of the proceeds for other legitimate purposes. How can a court determine whether there has been such change of condition as to justify the electors in ordering the sale of a building already constructed? Can a court say that it is reasonable for the electors to order the sale of a building after twenty years, or fifteen years, or ten years, and unreasonable to do so after three years have expired?

Much reliance is placed upon what is said by this court in *Benjamin v. District Township of Malaka,* 50 Iowa, 648, and *Kirchner v. Board of Directors,* 141 Iowa, 43, with reference to the vested right of a taxpayer to have the school building, to the erection of which he has contributed, devoted to the purposes for which it was erected. In the first of these cases the point actually decided was that a taxpayer might in a proceeding by mandamus compel the directors to carry into effect the action of the electors in appropriating money for the erection of a school building. It does not appear in that case that the electors subsequently attempted to rescind their action or order the

sale or other disposition of the building for which money had been appropriated. What is said in that case with reference to a subsequent rescission by the electors of their action in relation to the erection of a schoolhouse appears to have been pure dictum. In the *Kirchner* case it was held that a court would not interfere with the discretion of the board of directors in failing or refusing to call a special meeting of the electors on the petition of more than a majority of them to vote upon a proposition to rescind a former vote of a tax to build the schoolhouse to which the present controversy relates. As an additional reason for not granting the relief prayed in that action, this court said that as a legal proposition the rights of the taxpayers after the tax for the erection of the building had been paid were vested, and that such rights could not be disturbed by a vote rescinding the previous action of the electors. This expression of view was also in the nature of a dictum, for, having held that the board had a discretion as to whether it would call another meeting of the electors to vote on the proposition to rescind their previous action, there was no direct occasion to say that if the electors did, in fact, vote to rescind, such vote would be illegal. In *Hibbs v. Board of Directors,* 110 Iowa, 306, it was held that the electors at a regular meeting might rescind their action taken at a previous regular meeting ordering the collection of a tax for the construction of a school building which had not been certified or collected, the reason assigned being that the taxpayers had not yet, by the payment of the tax, acquired any vested right. What was said in the case with reference to vested right, with a citation of the *Benjamin* case, is only an implied recognition of the doctrine, and amounts to no more than a holding that, whatever may be its force in a proper case for its application, it was not pertinent to the facts under consideration. The appellant with reference to this proposition relies upon *School District No. 6 v. Aetna Insurance Co.,* 54 Me. 505,

which seems to support the contention that a court can not interefere with the discretion of the electors to act as authorized by statute in reference to the disposition of a building constructed by tax levied for that purpose. We are not now satisfied that we should follow or adhere to the views expressed in the two cases in this court above cited as to the vested rights of the taxpayers in a school building erected in accordance with the vote of the electors, and hold that, under no circumstances, can the electors at a subsequent meeting order the disposition by sale of a building so erected. We concede the desirability of having this unfortunate controversy as to the maintenance of a central school building definitely settled, but we are not willing to assert for the courts such a power of supervision over the duly expressed will of the electors as is contended for in this case.

For the reasons pointed out in the first division of this opinion, the action of the trial court is—*Affirmed.*