INDEPENDENT SCHOOL DISTRICT OF IONIA, appellant, v. C. D. DEWILDE, appellee.

No. 48039.

(Reported in 53 N.W.2d 256)

686

MAY 6, 1952.

Zastrow, Noah & Smith, of Charles City, for appellant.

Geiser, Donohue & Wilkins, of New Hampton; for appellee.

MANTZ, J.—The action was brought by the Independent School District of Ionia, Iowa, against C. D. DeWilde.

In its petition plaintiff alleges that defendant, without lawful right or authority, entered upon its school property and laid therein a drain across a part thereof, said tile to carry sewage from defendant's residence adjacent to said school grounds. Plaintiff asks for an order restraining defendant from using said drain on its property and for a mandatory injunction directing its removal and a restoration of the school property to its previous condition.

Defendant admits that he laid such tile but alleges that he was authorized to do so by various members of the plaintiff-school board; also, that the school board ratified the laying of said tile and acquiesced in its construction; also alleges that said tile as laid does not damage the school property and is an advantage thereto. The trial court decided in favor of defendant and this appeal followed.

In essence plaintiff's claim is that the tile as laid on its property is there without its permission and is a continuous trespass and a damage to such property.

I. Plaintiff in this appeal sets out two claimed errors on the part of the trial court. The first one relates to the ruling of that court wherein the court set aside a judgment on the pleadings in favor of plaintiff—said judgment being entered on the motion of plaintiff. The second error claimed is that the court, following the hearing, entered a judgment in favor of the defendant and denied the petition of plaintiff wherein the latter prayed for a mandatory injunction.

In setting aside the judgment rendered in favor of plaintiff on the pleadings the trial court stated that in so ruling it had overlooked a specific denial of defendant to paragraph 3 of plaintiff's amended and substituted petition.

Both parties have argued this point at considerable length. Following an examination of the pleadings and the statement of the trial court we are of the opinion that the court did not commit prejudicial error in setting aside the judgment. We are of the opinion that before plaintiff was entitled to a judgment the matter specifically denied by the defendant must have been shown.

In a subsequent division of this opinion we have examined the matters set forth in the plaintiff's second claim of error and we do not think it necessary to give further attention to the first claimed error as above set forth.

II. There is little conflict in the evidence. Plaintiff is the board of directors of the Independent School District of Ionia, Iowa. Defendant is a resident of said town.

During the summer of 1950 the defendant built a house on his land just south of and adjacent to Block 20 of Ionia, said block being the school property with school buildings and grounds appurtenant thereto. The school tract and the land of defendant are quite flat. The town has no sewer system. As a part of his building defendant built a septic sewage tank. Defendant was advised by the builder that in order to secure adequate drainage for said tank and the house the outlet tile should be laid from the septic tank across the school property and into a ditch beyond. Defendant interviewed some of the members

of the school board and requested permission to lay the tile across the school property. He claims he was given such permission. He does not claim that he paid anything for the privilege. His tile was of six-inch diameter, was laid 7 to 8 feet under the surface of the ground and went approximately 250 feet diagonally across the school grounds. Shortly after beginning the laying of the tile the workman came across a five-inch tile draining from the school and the grounds. Defendant states that the school tile was not working, being clogged with soil and roots. Without the knowledge or consent of the school board this tile of plaintiff was cut into and connected with that of the defendant. This was at a point 85 to 100 feet inside the school grounds. After the tile was laid the ditch was filled. Later the school board notified the defendant to remove the ditch ridge, refill with black earth and then grass the surface. This was done, but not until after this action was begun.

The trial court in deciding in favor of the defendant held that in running his tile across the school ground no damage was done; that by hooking the school tile to it plaintiff was in fact benefited in that it caused its clogged and ineffective tile to function and that it would have been expensive for plaintiff to dig it up and put it in working condition; and further that plaintiff failed and refused to submit the matter of granting defendant an easement over the school grounds to the electors of the district. In effect the trial court held that plaintiff acquiesced in the construction of the tile drain across its property and that in equity and good conscience it was not entitled to the relief sought. We are unable to agree with the trial court in such finding and decree.

We have gone over the record with care, including the court's findings of fact. While it may not be material, we find parts thereof which do not seem to be fully shown, for instance, the matter of the petition to be submitted to the electors giving defendant permission to lay his tile over the school ground. As no election was had we feel that it is not necessary to go into the record regarding such matter.

In the findings of fact we find that the court held that in cutting into the school tile the school was benefited. The man who laid the tile said that he struck the school tile in the school

grounds and that it was clogged; that he reported to DeWilde and the latter told him to connect with it. Later he said that while he was still off the school property he again hit the school tile; that it was filled with roots and mud and was not working. He said he hooked it "into the six-inch tile"; that "this tile should now drain the school ground." Nowhere do we find him saying that he cleaned the school tile. From the evidence it may be inferred that the point where defendant hooked into the school tile was out in the schoolyard some distance from the point where it was found in the road. The tiler as a witness admitted that he could have laid defendant's tile so that it would have avoided the school property but that this would have been quite expensive.

The property involved belonged to the Independent School District of Ionia, Iowa. The tile sewage drain laid by the defendant crossed a part of the playground of such school property. Defendant in this action claims that he is rightfully upon such school property and that plaintiff's claim cannot be sustained in an action for mandatory injunction requiring the removal of said sewage drain, but that any action which plaintiff can maintain is one for damages.

Defendant claims and argues that he has an easement across said school ground for the use of his tile sewage drain. He makes no claim that he paid anything for said property but argues that as laid it does not damage and in fact is a benefit to the school property.

Defendant also argues that the oral permission given him by various members of the Ionia School Board would have been confirmed had it not been for the action of the president of the school board in refusing to call an election in order that his claim of an easement might have been submitted to the electors. The trial court seemed to concur in this claim. We think the record is otherwise. Suffice it to say that no such election was held and defendant's claim in that respect cannot be considered.

 It is defendant's claim that he has a right in said tile drain where it crosses plaintiff's property. He designates it as an easement. It is upon public school property and he argues that he was given oral permission to place it where it was placed.

An easement is an interest in property—in this case in

real estate belonging to the Ionia School District. Being public property it could not be disposed of except in the manner provided by statute. Chapter 278, Code of 1950. Section 278.1, subsection 2, of said chapter provides that the voters at a regular election shall have the power to "Direct the sale, lease, or other disposition of any schoolhouse or site or other property belonging to the corporation, and the application to be made of the proceeds thereof." In McLang v. Harper, 236 Iowa 1006, 20 N.W.2d 454, there was involved the validity of a lease on certain property belonging to the school district. The implication seems to be clear that if the electors make some disposition of school property it is to be paid for—no gift is contemplated.

The McLang v. Harper suit was against the school directors, alleging the invalidity of such lease and asking for an injunction. The trial court held the lease to be invalid and ordered it canceled. On appeal this holding was affirmed, citing section 4217, Code of 1939 (now 278.1), and stating that thereunder the board of directors of a school district had no authority to lease a schoolhouse or its grounds for a community house without a vote of the electors of the district at a regular election. (Citing James v. Gettinger, 123 Iowa 199, 98 N.W. 723, and Barclay v. School Township, 157 Iowa 181, 138 N.W. 395.) In the McLang opinion we said at page 1009 of 236 Iowa, page 456 of 20 N.W.2d:

"This statute distinctly states that the power to 'direct the * * * lease, or other disposition of any schoolhouse or site or other property belonging to the corporation,' shall be by vote of the electors of the school district at a regular election. We cannot come to any other conclusion than that the trial court was correct in holding, under the provisions of the statute, that the board of directors of the Independent School District of Sioux City, Iowa, was without authority to lease the schoolhouse to the Jewish Federation without submitting that question to the electors."

We have held in earlier decisions that the sale or other disposition of schoolhouses and sites requires a vote of the electors. James v. Gettinger, supra; Barclay v. School Township, supra. See also Andrew v. Stuart Sav. Bk., 204 Iowa 570, 215 N.W. 807; Opinions of Attorney General, 1906, page 408. It seems to

us that the statute and the authorities cited are decisive as to the rights of defendant in and to such claimed easement.

III. Plaintiff claims that under the record defendant has been guilty of a trespass of the school property. The record shows that the man in laying the tile cut into the school drain in at least two places, all without the knowledge, permission or consent of the school board. Ridges were left where the tile was laid and this condition was maintained until after suit had been started.

It can hardly be argued that under this statute public school property could be given away. In effect this is what the defendant argues was done, and that without a vote of the electors and without consideration he was given property rights in and to said school property. Under the statute above-quoted such claim cannot be sustained. In order to get property rights in and to said school property defendant would have to follow the statute. Defendant argues that he has an easement across the school grounds for his tile. Let us examine the record relating to such claim. As above-stated an easement is an interest in property—in this case in the school property of Ionia, Iowa. This court has held that "an easement is a liberty, privilege, or advantage in land without profit, existing distinct from ownership of the soil, and because it is a permanent interest in another's land, with a right to enter at all times and enjoy it, it must be founded upon a grant by writing or upon prescription." Cook v. The C., B. & Q. R. Co., 40 Iowa 451, 456; Stokes v. Maxson, 113 Iowa 122, 124, 84 N.W. 949, 86 Am. St. Rep. 367; Dawson v. McKinnon, 226 Iowa 756, 285 N.W. 258; Dubuque v. Maloney, 9 Iowa 450, 74 Am. Dec. 358; 28 C. J. S., Easements, section 1. An easement may be founded upon a grant by writing or by prescription. In at least three recent cases we have held an easement may be created in three ways: (1) by an express written grant (2) by prescription, and (3) by implication. McKeon v. Brammer, 238 Iowa 1113, 1119, 29 N.W.2d 518, 174 A. L. R. 1229; Loughman v. Couchman, 242 Iowa 885, 888, 47 N.W.2d 152; Paul v. Blakely, 243 Iowa 355, 358, 51 N.W.2d 405. We find nothing in the record to warrant defendant's claim of an easement. He would have the burden of establishing such right.

 In oral argument and inferentially in his printed brief defendant claimed that in putting his tile drain across the Ionia school grounds he was a licensee. A license would not imply an interest in the school ground. In the case of Stokes v. Maxson, supra, the court defined an easement, and then said: " 'But a license is an authority to do a particular act, or series of acts, upon another's land, without possessing any estate therein'." (Citing Cook v. The C., B. & Q. R. Co., supra, in which 3 Kent's Commentaries, Eighth Ed., 565, is mentioned.) Assuming that the defendant had a license to lay his tile drain, it would be revocable at the pleasure of the school board. The bringing of this action would amount to a revocation.

 IV. It is the claim of plaintiff that the installation of the tile across the property of the Ionia Independent School District is a continuous trespass and that plaintiff is entitled to a mandatory injunction. While defendant does not concede that the tile was put upon plaintiff's property without authority, yet he says, conceding this to be the case still a mandatory injunction is not the proper remedy and that if plaintiff has any remedy it is one at law for damages. Defendant says that at most the tile drain violates a naked legal right of plaintiff. We have held above that said tile drain was laid without lawful right. Such being the case its presence there is illegal and constitutes a continuing trespass creating a situation wherein equity has jurisdiction. We so held in the case of Keil v. Wright, 135 Iowa 383, 112 N.W. 633, 13 L. R. A., N. S., 184, 124 Am. St. Rep. 282, 14 Ann. Cas. 549; Dumont v. Peet, 152 Iowa 524, 132 N.W. 955; Falcon v. Boyer, 157 Iowa 745, 142 N.W. 427; Kimple v. Schafer, 161 Iowa 659, 143 N.W. 505, 48 L. R. A., N. S., 179, Ann. Cas. 1916A 244. See also Incorporated Town of Ackley v. Central States Elec. Co., 204 Iowa 1246, 214 N.W. 879, 54 A. L. R. 474.

In the Dumont case above-cited there was involved a situation where unauthorized persons were hooking in their telephone wires to the line of plaintiff. There defendant contended that plaintiff's remedy was not by way of injunction but by an action for damages, making the claim that the trespass was trivial and trifling. There we said (page 528 of 152 Iowa): "Where acts may cause irreparable injury, where a multiplicity of suits will be avoided, or where acts of trespass are constantly repeated,

694

but the injury resulting from each act is trifling, relief in equity will be granted, because of the inadequacy of the legal remedy." (Citing High on Injunctions (4th Ed.) sections 20-a and 7020; Gilcrest Co. v. Des Moines, 128 Iowa 49, 102 N.W. 831; Halpin v. McCune, 107 Iowa 494, 78 N.W. 210.)

It is argued by defendant in the instant case that any damages which plaintiff has suffered or may suffer in the future will be trivial. We do not think such argument has any application here. The school district has a legal right to manage its property in its own way. It is not possible to foresee what situation might arise—where the school district would want to make changes, either in the topography of the school grounds or in its tile drain. In addition, in case the school desired to make an excavation where the tile went across its property it would require some expense to do so. From a reading of the record it can readily be inferred that the DeWilde tile went across the schoolyard as being the shortest and least expensive way to the road ditch.

It is our holding that the trial court erred in denying the injunction, and the cause is reversed and remanded to the court for an appropriate decree enjoining defendant from any further trespass upon plaintiff's property and granting plaintiff the right to obstruct or disconnect defendant's tile where it enters plaintiff's school grounds. An order directing defendant to remove his tile where laid across plaintiff's school ground is denied, all without prejudice to the right of plaintiff to petition for its removal in the event such removal is found necessary.— Decree is reversed and remanded.

THOMPSON, C. J., and GARFIELD, BLISS, HAYS, and WENNER-STRUM, JJ., concur.

SMITH, OLIVER and MULRONEY, JJ., dissent.

SMITH, J. (dissenting)—I respectfully dissent. I would hold defendant neither an easement holder nor a trespasser, but a mere licensee with a mere personal, not a property, right; and would modify the decision of the trial court to make clear that it is without prejudice to plaintiff's right at any time to ter-

minate the license and to have such remedy as may be appropriate under the circumstances existing at such time.

I do not favor the use of equitable procedure under the facts disclosed by this record, either for the purpose of terminating the license or of enjoining its exercise by defendant.

Nothing would be gained by a review of the evidence, which I think emphasizes the lack of any basis of equitable remedy here.

OLIVER and MULRONEY, JJ., join in this dissent.