## McDONALD v. JACKSON.

1. **Promissory Note:** RECOVERY ON DESTROYED NOTE.. A recovery can be had on a note which has been destroyed only when it is clearly shown that such destruction was the result of accident or mistake; where it was in pursuance of a fraudulent scheme of the holder no recovery is permissible.

*Appeal from Monroe Circuit Court.*

WEDNESDAY, OCTOBER 19.

THE petition contained seventeen counts, but no claim is made on this appeal except on the second and sixteenth, on which there was a trial to the court, judgment for the defendant, and plaintiff appeals.

*H. L. Dashiell,* for appellant.

*Perry & Townsend,* for appellee.

SEEVERS, J.—The substance of the second count in the petition is that on or about April 5th, 1872, the defendant executed and delivered to one Willcox his note for $179.34, with ten per cent interest from date; that said note had been destroyed, therefore the plaintiff was unable to attach a copy to the petition. Following this count there were thirteen other counts which are not set out in the abstract, in which, as we understand, a recovery was sought on other notes and accounts, all of which notes including the one described in the second count had been destroyed, as plaintiff alleged, " under the following circumstances.

" On the 22d day of April, A. D. 1873, the said defendant and the said Jeremiah Willcox met for the purpose of settling and adjusting the amount due from the said defendant to the said Willcox; that thereupon all the notes hereinbefore described, together with a certain book account held by the said

Willcox against the said Jackson, were embraced and included in a note for $6,088, dated April 22, 1873, executed by said defendant and made payable by the direction of said Willcox to this plaintiff, and payable four years after date, and thereupon the said notes held by the said Willcox against the said Jackson were given up to the said Jackson and the same destroyed.

"That on the 11th day of September, 1877, the plaintiff instituted a suit on the note of April 22d, 1873, and the mortgage given to secure the same, in which suit it was finally decided at the October term, A. D. 1879, of the Supreme Court of Iowa, that said note and mortgage were fraudulent and void, and that plaintiff's only remedy was to sue for the amount due from the said defendant to the said Willcox at the time said note of April 22d, 1873, was executed, wherefore she brings this suit upon the notes and mortgage hereinbefore described."

The defendant demurred to said count and the same was overruled and thereupon an answer was filed, in which the defendant admitted he had executed to said Willcox a note for about $179, but denied he was indebted thereon because the same had been destroyed by the fraudulent act of Willcox, as stated at length in the answer, but which need not be repeated here, it being sufficient to state the fraud relied on is the same as that found by the court in *Willcox v. Jackson*, 51 Iowa, 208, the note sued on being one of those upon which it was claimed the settlement referred to in that case was based.

I. It is urged by counsel for the appellant, as the demurrer was overruled, the court must have held, upon the facts stated in the petition, the plaintiff was entitled to recover, and as he insists the same facts and nothing additional was alleged in the answer than stated in the petition in relation to the settlement and new note, therefore the ruling on the demurrer should be held to be conclusive as to the plaintiff's right to recover. The claim being, as we understand it, if upon the face of the petition it appears the plaintiff is not entitled

to recover, the defendant must demur and cannot raise the objection by answer. This is claimed to be the true construction of Code, §§ 2648 and 2650. In support of this view *McCormick v. Blossom*, 40 Iowa, 256, and *Ryan v. Mullinix*, 45 Id., 631, are cited. Deeming it unnecessary we shall not stop to discuss the question presented.

It will be observed the petition merely states the note was destroyed, or the same was "given up to said Jackson and destroyed." It was upon these allegations the demurrer was overruled. Quite a different defense is alleged in the answer. Therefrom it appears the same was destroyed by Willcox in pursuance of and for the purpose of effectuating a fraudulent scheme concocted by him. Such defense was well pleaded, and for reasons hereafter stated decisive of plaintiff's right to recover.

II. Counsel for appellant further insist the defendant should not be permitted to rescind the fraudulent note and mortgage and also defeat this action, which is brought on notes given up when the fraudulent note was executed. Possibly this may be so. But if reference is had to 51 Iowa, 208, before cited, it will be found that action was brought to enforce the fraudulent note and mortgage and the defendant merely resisted a recovery. He did not ask to rescind or any affirmative relief whatever, nor does he do so in this action, the question here being whether the plaintiff can recover on notes which he destroyed in pursuance of a fraudulent scheme.

III. The court found that Willcox had intentionally destroyed the note sued on as a part of a fraudulent scheme. 1. PROMISSORY NOTE: recovery on destroyed note. In that finding we concur. The ground of our conclusion need not be stated because we do not understand counsel for appellant to seriously question its correctness. This being so the plaintiff should not be permitted to recover. Without stating our reasons at length, it is deemed sufficient to state what we understand to be the established rule, and that is, a recovery may be had

on a destroyed note only when it has been clearly established it was destroyed through ignorance or by mistake. ·2 Parsons on Notes and Bills, 293; *Blake v. Noland*, 12 Wend., 173. Even if we are mistaken as to the rule we would be unwilling to hold a person could recover on a note he had destroyed in pursuance of a fraudulent scheme.

IV. In reference to a recovery on the sixteenth count counsel for the appellant concedes the evidence is "general and indefinite and does not describe any particular note with certainty unless the entry on the book of account set out as ' A ' is an identification of the note given for the account." Before a recovery can be had on a note destroyed by the· holder the evidence as to the amount, terms ·and identity should at least be reasonably clear and specific. Exhibit " A " in no material degree aids the evidence of Hewitt, and taken altogether is insufficient.

AFFIRMED.