A. W. MANSFIELD, Appellee, v. C. E. MALLORY, Appellant.

**Personal services:** *prima facie* CASE: AFFIRMATIVE DEFENSE: BURDEN OF PROOF. Proof that defendant requested plaintiff to undertake a certain service and that acting upon the request the service was performed, makes a *prima facie* case for a recovery of the reasonable value of the service; and defendant has the burden of proving an affirmative defense that there was a special agreement that plaintiff's compensation was to come from another source, concerning which a conflict in the evidence presents a fact question and a verdict upon the issue is conclusive.

**Personal services:** REASONABLE VALUE: EVIDENCE. On an issue as to the value of plaintiff's services in training animals, the evidence is held to present a question for the jury.

**Partnership:** VERDICT: REVIEW. A verdict involving a question of partnership, which is properly for the jury and is submitted under appropriate instructions will not be disturbed on appeal.

**Admission of evidence:** HARMLESS ERROR. Error in the admission of evidence concerning the condition of a building occupied by plaintiff, for which defendant was claiming rent, was without prejudice, where the jury found plaintiff was permitted to occupy the same without rent.

**Partnership:** EVIDENCE. A written agreement involving an alleged partnership matter signed by only one member is admissible on the question of partnership, although not conclusive of that question.

**Pleading:** AMENDMENT. Permission to amend a pleading pending the trial to conform to the testimony is not erroneous unless the court abuses its discretion in this respect.

*Appeal from Winnebago District Court.*—HON. CLIFFORD P. SMITH, Judge.

THURSDAY, NOVEMBER 19, 1908.

ACTION at law to recover for services rendered at the

instance of the defendant. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*O. W. Harmsen* and *Gordon & Belsheim,* for appellant.

*T. A. Kingland,* for appellee.

WEAVER, J.—The plaintiff claims that at defendant's verbal request he went to Buffalo Center, Iowa, and there "trained four certain ponies and one goat," devoting to said services a period of six weeks, and that his labors were reasonably worth $15 per week, no part of which has been paid. The defendant denies the claim thus stated, and avers that plaintiff undertook to train the animals without any compensation, except such as he "might realize from the use of said animals in the show business." He also sets up a counterclaim against the plaintiff, for money lent, rent of house, and for hay and corn furnished him, in the aggregate sum of $116. The jury returned a verdict for plaintiff, and defendant appeals.

I. It is argued that the verdict is not sustained by the evidence, but the point is not well taken. The plaintiff's testimony is to the effect that defendant requested him to undertake the training of the animals, and that, acting upon this request, the services were rendered. This made a *prima facie* case for the recovery of the reasonable value of such services. The defendant's claim that the plaintiff trained the animals under a special agreement or understanding, by which his compensation was to be in the receipts from public exhibitions, is in the nature of an affirmative defense, the burden of establishing which is upon the party pleading it. The testimony upon this issue was in conflict, and the finding for plaintiff thereon is conclusive upon this court.

II. The defendant sought to show that the services

*1. PERSONAL SERVICE: prima facie case: affirmative defense; burden of proof.*

rendered were of little value; the training of the animals being incomplete and imperfect. While the judgment of the several witnesses as to the excellence and perfection of the training is not wholly in accord, they soberly assured the jury that they saw some of the ponies "teeter-tottering, some on a pedestal, and some waltzing," and one would answer questions, while the goat would ride a board platform "strapped to a horse's back," when proper precaution had been taken to "secure the goat's feet by strings passing through holes in the platform." The court is not prepared to say, as a matter of law, that these remarkable accomplishments are not without market value, and that plaintiff's services in this field of advanced education is not worth all he claims for it. There was no error in submitting the question to the jury.

> 2. PERSONAL SERV-
> ICES: reasona-
> ble value:
> evidence.

III. It appears to be the theory of defendant that some sort of partnership existed between himself and the plaintiff, by which he furnished most of the stock and materials, and plaintiff put in his time and service in conducting a small menagerie and trained animal exhibition, and that the service performed by plaintiff in training the animals was rendered under this arrangement. This question was properly submitted to the jury with appropriate instructions upon the law, and their finding was against the defendant's contention. We can not disturb it.

> 3. PARTNERSHIP:
> verdict: re-
> view.

IV. Complaint is made of the admission of evidence as to the leaky condition of the roof over rooms owned by defendant and occupied by plaintiff. We may concede that the objection to this evidence should have been sustained, but, the jury having, in effect, found that defendant permitted plaintiff to occupy the rooms free from charge for rent, the error, if any, was without prejudice.

> 4. ADMISSION OF
> EVIDENCE:
> harmless error.

As tending to disprove the defendant's theory that the

exhibition was a partnership affair, plaintiff called as a witness one Dunn, who had been an assistant in the

5. PARTNERSHIP: evidence.

business, and showed by him that the written contract for his employment was signed by the defendant alone, and in his individual capacity. The writing itself was exhibited in evidence. This ruling also is assigned as error. The objection must be overruled. While not conclusive evidence, the agreement with Dunn had a legitimate tendency to sustain the plaintiff's denial of the alleged partnership, and the court rightfully allowed it to be shown for the consideration of the jury.

V. Pending the trial the court allowed the plaintiff to amend or substitute his pleadings to conform to the testimony, and defendant excepted to the order allowing

6. PLEADING: amendment.

such restatement of the issues. To allow amendments is the general rule, and, unless the court abuses its discretion in this respect, it is not erroneous. No abuse is shown in this instance. The defendant had ample opportunity to present his defense. There was a fair trial, and no reason appears why this petty litigation should be further prolonged.

The judgment of the district court is *affirmed*.