M. B. FOSTER ELECTRIC CO. v. PHI GAMMA DELTA CLUB.

(Supreme Court, Appellate Term. January 21, 1910.)

1. WORK AND LABOR (§ 26*)—BURDEN OF PROOF—AFFIRMATIVE MATTER—SPECIAL CONTRACT.

Where plaintiff sued for the value of work and labor, the burden was upon defendant to show that the work was performed under a special agreement alleged in the answer; plaintiff not being required to elect whether he should proceed as for work and labor or upon the special contract alleged in the answer.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 47–49; Dec. Dig. § 26.*]

2. WORK AND LABOR (§ 28*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

Where, in an action for work and labor, in which defendant alleged that the work was performed under a special contract, testimony, upon which the court based a judgment for plaintiff for a less sum than claimed, that the work was done under a special contract to pay the actual cost of the work and materials plus 10 per cent., which only related to a part of the work claimed for, and did not show the actual cost of the work, was insufficient to show the amount to which plaintiff was entitled, so as to sustain the judgment.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 55; Dec. Dig. § 28.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

3. WORDS AND PHRASES—"CHASING."

"Chasing" is a technical term, and relates to the cutting of bricks in a building for wiring.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the M. B. Foster Electric Company against the Phi Gamma Delta Club. From a judgment for plaintiff for a less sum than claimed, it appealed. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

William B. Wright (Clifford C. Roberts, of counsel), for appellant. Flannagan & Erskine (C. R. Waterbury, of counsel), for respondent.

DAYTON, J. By its verified complaint plaintiff demanded $306.07 for specified work, labor, and services performed between December 1, 1908, and March 1, 1909, at the request of defendant or its agents, the reasonable value of which was $306.07, which defendant or its agents promised to pay. A bill of particulars was filed showing $340.07, and the complaint was amended accordingly, and also by changing "December" to "November." The answer denied that "chasing the walls" was done by plaintiff; denied that $306.07 was the reasonable value of the work; "or that services and materials furnished to defendant were worth any sum whatsoever in excess of $110"; denied that the work was workmanlike or reasonably fit for its intended services. For a further and separate defense it alleged that the work and materials furnished were pursuant to an agreement for actual cost of labor and materials plus 10 per cent., upon time slips to be given to the architect each day, payments to be made only upon said architect's certificate, and that no such certificate was given. On these issues the case proceeded to trial without a jury. The court said to plaintiff's attorney:

"You must proceed on one theory or the other—the reasonable value of the work or the agreed price. If I find there is an agreed price, and you have made the wrong election, you will be dismissed. You cannot proceed on both theories."

Plaintiff did not elect, as, indeed, there was no occasion for its so doing. It was for the defendant on the pleadings to show the agreement set up in its answer by affirmative proof, in opposition to plaintiff's claim on quantum meruit. At the close of the case the court said he believed the architect's testimony that the work was ordered with the distinct understanding of an agreed price, to wit, cost and 10 per cent., and, except as to admitted items, dismissed the complaint "without prejudice," and gave judgment for the amount admitted, because unable to determine the cost. From the judgment for $110 and costs in its favor, plaintiff appeals.

The trouble with the conclusion reached is that Mr. Hull, the architect, confined his testimony of "cost and 10 per cent." to the "chasing" (a technical term relating to cutting bricks for wiring), agreeing that if Brown (the contractor) did not pay defendant would, and as to "outlets" he said the same thing to plaintiff's superintendent. These two items, however, were but a part of the claim here. Another diffi-

culty with the conclusion is that the case is barren of evidence to show the cost of the work and labor done and furnished by plaintiff, so that on the trial court's own theory the credibility given to Mr. Hull's testimony was not a sufficient basis for accurately fixing the amount due in any sum for "cost and 10 per cent." Whether the $110 admitted and awarded was quantum meruit, or cost and 10 per cent., does not appear. There should be a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.