J. B. DUMONT, G. A. PEET, and Others, Composing the MARTELLE TELEPHONE ASSOCIATION, v. R. M. PEET, GEORGE CALVERT and Others, Appellants.

**Pleadings:** DEMURRER: WAIVER. Want of capacity to sue which is apparent on the face of a petition is demurrable, and unless a demurrer is interposed the objection is waived.

**Actions:** ONE OR MORE SUING FOR ALL INTERESTED. Where a question is one of general interest to many persons, or the parties are so numerous as to make it impracticable to bring them all before the court, one or more may maintain or defend the action for the benefit of all.

**Pleadings:** AMENDMENT: DISCRETION. The right to amend a pleading is largely discretionary and where a new cause of action or defense is not introduced the rule is to allow it; but where all the facts alleged in an amendment pleading an estoppel as an affirmative defense were known to the defendant prior to filing his answer, but the amendment was not offered until after plaintiff had closed his evidence, there was no abuse of discretion in striking it from the files.

**Estoppel.** An essential element of estoppel is prejudice growing out of reliance upon the conduct of the other party, and must be shown to support the plea.

**Injunction:** TRESPASS: INADEQUACY OF LEGAL REMEDY. Where the acts of a party may cause irreparable injury or multiplicity of suits, or are acts of trespass constantly repeated though of trifling injury, equity will grant relief because of inadequacy of the legal remedy. Thus where parties wrongfully persist in connecting their telephone lines with those of a company they may be enjoined from so doing in the future, although the acts amount merely to a trespass.

**Telephones:** MUTUAL ASSOCIATIONS: DUTY TO EXTEND SERVICE. A mutual telephone company, organized solely for the benefit of its members, is not bound to extend its membership or to provide connecting lines for others.

*Appeal from Jones District Court.*—HON. MILO P. SMITH,
Judge.

TUESDAY, OCTOBER 24, 1911.

ACTION in equity to enjoin the defendants from interfering with plaintiffs' telephone line and wires. Judgment for plaintiffs. Defendants appeal. *Affirmed.*

*Herrick, Cash & Rhinehart,* for appellants.

*Clifford B. Paul,* for appellees.

SHERWIN, C. J.—The original petition alleged that the plaintiffs J. B. Dumont and G. A. Peet were members and shareholders in the Martelle Telephone Association, and were, respectively, president and secretary thereof; that the Martelle Telephone Association was a voluntary unincorporated association engaged in conducting a telephone system between the towns of Anamosa and Martelle, Iowa, for the mutual benefit of its members; that the members of the said association are too numerous to be made parties plaintiff in the action, and that the said J. B. Dumont and G. A. Peet bring this action in their own behalf, and by the authority and in the behalf of all others who are members and shareholders in the said association; that the said defendants R. M. Peet and George Calvert are members of and shareholders in the Viola & Anamosa Telephone Company, and that the other defendants, William Finnegan, Mark Newhart, Fred Ross, and Fred Mercer, are telephone users and holders in said company, and that said company is a mutual voluntary association, conducting a line between the villages of Fairview and Viola, Iowa. It was further alleged in the petition and amendments thereto that in May, 1900, the members of the Viola & Anamosa Telephone Company were, without any consideration whatever, given a temporary license

to attach their line to the system built by the plaintiffs at the village of Fairview, such license to be revoked at any time in the future when the plaintiffs deemed proper and necessary to do so; that in February, 1909, the plaintiffs did revoke and cancel said license, and notified the defendants not to connect their line with the lines of the plaintiffs, and, the defendants refusing to disconnect their said line, the plaintiffs. disconnected them; that afterwards the defendants wrongfully, and in disregard of the rights of plaintiffs, several times connected their line with the line of the plaintiffs at Fairview, and are wrongfully using the plaintiffs' line to receive and transmit messages, and are threatening to continue to do so, should plaintiffs again disconnect said line; that the defendants are numerous, and that plaintiffs' remedy at law would necessitate the bringing of successive actions against the individual defendants, and would result in a multiplicity of suits. The defendants demurred to the petition as amended, on the general ground that it did not entitle the plaintiffs to the relief demanded, and, further, because it was not affirmatively alleged that plaintiffs would suffer any great or irreparable injury, or that the plaintiffs had not an adequate remedy at law. This demurrer was overruled, and the defendants answered, denying specifically some of the allegations of the petition and admitting others. The trial then proceeded on the issues thus framed, and, after the plaintiffs had concluded their evidence, the defendants filed an amendment, pleading an estoppel, which we shall have occasion to notice further as we proceed.

The appellants' first contention is that their demurrer should have been sustained, because the plaintiffs could not maintain the action. This contention might well be disposed of by applying the rule that where want of capacity to sue is apparent on the face of the petition it is ground of demurrer, and, unless demurred to specially, it is deemed waived.

1. PLEADINGS: demurrer: waiver.

Code, sections 3561 and 3562; *Anderson v. Acheson,* 132 Iowa, 744; *McDonald v. Jackson,* 56 Iowa, 643.

But, aside from this question of practice, we think it clear that the allegations of the petition brought it within the rule of section 3464 of the Code, and of the following cases: *Arts v. Guthrie,* 75 Iowa, 677; *Fleming v. Mershon,* 36 Iowa, 413; *Laughlin v. Greene,* 14 Iowa, 92. The cases relied upon by the appellants to sustain their position did not present facts similar to the facts in this case, and hence are not controlling.

2. ACTIONS: one or more suing for all interested.

The amendment to the answer, pleading an estoppel on the part of the plaintiffs, was filed after the plaintiffs had closed their evidence, and it was on plaintiffs' motion stricken. The right to amend is within the discretion of the trial court, and, unless it appears that such discretion has been abused, the ruling will not be disturbed. If an amendment does not introduce a new cause of action or defense, the general rule is to allow it. Here the estoppel was pleaded as an affirmative defense to the allegations of the original petition. All of the facts alleged as constituting such estoppel were known to the defendants long before their original answer was filed, and no excuse was offered for not sooner pleading that defense. On the whole, we think there was no abuse of discretion in striking the amendment.

3. PLEADINGS: amendment: discretion.

But, however that may be, the evidence relied upon to establish the estoppel pleaded does not, in our judgment, do so. There is no showing that the defendants or any of them, have been in any way prejudiced, or have materially changed their positions because of the facts constituting the alleged estoppel. An essential element of an estoppel is that the party relying thereon has been prejudiced by the conduct of the other party. *Byer v. Healy,* 84 Iowa, 1; *Durlam v. Steele,* 88 Iowa, 498.

4. ESTOPPEL.

While it may be said that the defendants' action in connecting their line with the plaintiffs' line after it had been disconnected was a mere trespass, as contended by appellants, it does not necessarily follow that an action in equity may not be maintained to prevent future wrongs of the same kind. There are many defendants and many antagonistic interests. Plaintiffs' line had been and was then being used in opposition to their wishes, notwithstanding their attempts to prevent such action. Suits for damages would, of necessity, be numerous, and they might have to be repeated to afford a remedy at law. Where acts may cause irreparable injury, where a multiplicity of suits will be avoided, or where acts of trespass are constantly repeated, but the injury resulting from each act is trifling, relief in equity will be granted, because of the inadequacy of the legal remedy. High on Injunctions (4th ed.), sections 20-a and 7020; *Gilcrest v. Des Moines,* 128 Iowa, 52; *Keil v. Wright,* 135 Iowa, 385; *Halpin v. McCune,* 107 Iowa, 494.

*5. INJUNCTION: trespass: inadequacy of legal remedy.*

The evidence is quite conclusive that the defendants connected their line with the plaintiffs', under an agreement that such connection should only be temporary, and subject at all times to the will of the plaintiffs. So far as the record shows, this arrangement was never changed, and, if that be true, we do not see how the defendants can claim an irrevocable license. We are cited to no case which so holds, and do not believe that any such case can be found in the books.

It is also said that the plaintiffs are bound to permit the defendants to use their line. Whatever the rule may be as to telephone companies engaged generally in public service, it can not be said that a mutual voluntary association, organized and operated for the exclusive benefit of its own members, is bound to extend such membership, or to

*6. TELEPHONES: mutual associations: duty to extend service.*

furnish a connecting line for others.   See, also, 37 Cyc., 1656.

We reach the conclusion that the judgment of the district court is right, and it is therefore *affirmed.*