Gallaher & Speck, Defendant in Error, v. J. B. Madsen, Trading as J. B. Madsen & Co., Plaintiff in Error.

## Gen. No. 18,335.

1. EVIDENCE—*burden of proof when issue is whether agreement is express or implied.* In an action for labor and material furnished, where plaintiff proves facts from which an implied agreement arises, it devolves upon defendant to prove his claim of an express agreement.

2. EVIDENCE—*sufficient to raise implied agreement.* In an action for labor and material furnished, evidence that plaintiff did the work as requested under no express agreement as to price is sufficient to raise an implied agreement to pay what it was reasonably worth.

3. MUNICIPAL COURT—*propositions of law.* Rule 23 of the Municipal court as amended includes section 61 and certain other sections of the Practice Act, which make it possible to submit written propositions to be held as law in all civil proceedings in the municipal court except *quasi* criminal.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at

the March term, 1912. Affirmed. Opinion filed March 25, 1913. Rehearing denied and opinion filed April 8, 1913.

STEDMAN & SOELKE, for plaintiff in error.

MADDOCK & JAFFE, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

This was a claim for labor performed and material furnished at defendant's special instance and request. The main question at issue was whether the agreement therefor was express or implied. The court, before whom the case was tried without a jury, held that there was an implied agreement and rendered judgment for plaintiff in the sum of $94.89.

No propositions of law were submitted to the court, and plaintiff in error does not point out in his argument any specific rulings on evidence. Only questions of fact, therefore, remain for our consideration, and upon a review of the evidence we cannot say that the court's finding was manifestly against its weight.

In what purports to be a statement of facts and questions of law involved, is the statement that the court held "that in the absence of an express agreement to the contrary, there was an implied promise on the part of defendant to pay what the work and material so furnished were reasonably worth, and that the burden of proof was upon the defendant to show that there was an express contract, as contended by him, to do the work in question for $40." Technically the burden of proof in a case does not shift, but the burden is upon the defendant to make out his defense. It does not appear that the court made any such holding on a submitted proposition of law, and we do not find any such ruling in the course of receiving evidence. Speck, an officer of plaintiff, testified that he was requested to do the work; that he made an estimate thereon, but no express agreement as to price,

and proved the market value of the services and material. Under that state of the record, in whatever form the question was raised, the court evidently ruled that plaintiff having proven facts from which an implied agreement arose, it devolved upon defendant to prove his claim of an express agreement. We think the court had sufficient evidence before it to reach the conclusion shown in the record.

The judgment will be affirmed.

*Affirmed.*

Upon consideration of a petition for a rehearing herein the following additional opinion was filed on April 8, 1913.

PER CURIAM. As ground for rehearing it is urged that the provisions of section 61 of the practice act, relating to submission of written propositions to be held as law, are not applicable to the practice in the Municipal Court, and certain decisions are cited as tending to support the contention. But it will be observed that since they were rendered, rule 23 of the Municipal Court has been amended so as to include said section 61 with certain other sections of the practice act, which it makes applicable to all civil proceedings in the Municipal Court, except quasi criminal, so far as consistent with the provisions of the act establishing that court.

The petition is denied.

*Petition denied.*