CLYDE McFARLIN, Appellee, v. A. A. QUEGG, Appellant.

**APPEAL AND ERROR:** Harmless Error—Contradictory Instructions. A party may not complain of contradictory instructions which are prejudicial to the noncomplaining party only. So held where the court properly required the defendant to affirmatively establish his special defense, but apparently required the plaintiff to *negative* said defense.

*Appeal from Poweshiek District Court.*—D. W. HAMILTON, Judge.

MARCH 17, 1923.

ACTION at law to recover attorney's fees. Trial to a jury. Verdict and judgment against defendant for $300. Defendant appeals.—*Affirmed.*

*Frank Bechly* and *J. W. Carr*, for appellant.

*Boyd & Boyd* and *Clyde McFarlin*, for appellee.

EVANS, J.—The petition is in three counts. The first alleges that, on the. . . . day of January, 1919, the defendant herein, by a contract, not in writing, employed plaintiff to recover certain notes and cash items which had been given by defendant in payment for stock subscriptions; that plaintiff entered into the performance of said contract, made several trips to Des Moines, and secured the return of $3,750, which services were reasonably worth $375 on this count. The second count is in substantially the same language, alleging that the contract was made on the same date to recover notes and cash items aggregating $1,000 from the Associated Packing Company, of Des Moines; that plaintiff entered into the performance

of said contract and secured the return of $1,000; that his services therefor were reasonably worth $100 on this count. The third count alleges that, at the same time, defendant, by a contract, not in writing, employed plaintiff to recover certain sewer certificates of the value of approximately $1,700, which certificates had been delivered to a mortgage company in Des Moines on stock subscription; that plaintiff entered into the performance of said contract, and in due time secured the return of said certificates, for which he asks judgment for $50 on this count.

The defendant answered, admitting certain allegations of the petition, but denied each and every other allegation in the petition contained; admits that plaintiff is a licensed attorney, and practicing; says that, about January, 1919, he employed plaintiff by a contract, not in writing, to procure for him the cancellation of stock subscription and return of sewer certificates; admits that the stock subscriptions were canceled and notes and certificates returned; avers that, by the terms of the contract, plaintiff was to receive the sum of $50 in full compensation for his services. Plaintiff denies that the contract was for $50.

It will be noted that, upon the pleadings, this is a simple action by plaintiff upon *quantum meruit* for services rendered at the request of the defendant. The defendant pleaded a general denial and pleaded also an affirmative defense that the compensation was agreed upon at $50. The defendant also expressly admitted all allegations of the petition, except the allegation of the value of the services. The defendant predicates his ground of reversal upon Instruction 2, given by the trial court. The complaint is that it was contradictory, in that it laid the burden of proof upon each party. Such instruction was as follows:

"2. You are instructed that, under the issues thus joined, it is conceded that the defendant employed plaintiff to perform services in connection with the matters and things set out in plaintiff's petition. The plaintiff claims that the amount to be received by him for his services was not fixed. The burden is upon the plaintiff to show, by a preponderance of the evidence,

that such was the contract between plaintiff and defendant; and in addition, plaintiff must show, by a preponderance of the evidence, what services he. performed, and what such services were fairly and reasonably worth. The defendant claims, however, that the amount the plaintiff was to receive for any services rendered by him in connection with the defendant's business was a stipulated amount, to wit, $50; and upon this you are instructed that the burden is upon the defendant to show, by a preponderance of the evidence, that the amount plaintiff was to receive was so stipulated.''

Turning now to the pleadings, it will be noted that the burden of proof rested upon the plaintiff to prove the value of his services, there being no admission in the answer of that allegation. Such proof of value would make a prima-facie case for the plaintiff. The defendant had a right to meet such prima-facie case by evidence contradictory to that of plaintiff on the question of value, and by proof of his special affirmative defense: that, in the contract of employment, the compensation had been agreed upon at $50. The burden was upon the defendant to prove his affirmative or special defense. *Mansfield v. Mallory,* 140 Iowa 206; *Hall v. Luckman,* 133 Iowa 518.

The instruction complained of properly placed the burden on the defendant to prove that the compensation was stipulated at $50. If the plaintiff were here complaining of such instruction, it would be subject to criticism as to two sentences therein, which appear to put upon plaintiff also a burden that was beyond the allegations of his petition, and that was not essential to his recovery upon a *quantum meruit.* These sentences are the following:

''The plaintiff claims that the amount to be received by him for his services was not fixed. The burden is upon the plaintiff to show, by a preponderance of the evidence, that such was the contract between plaintiff and defendant.''

The first sentence above quoted was predicated upon plaintiff's evidence at the trial. The evidence was appropriate in denial of defendant's affirmative allegation. These sentences create the contradiction of which defendant complains. They were prejudicial to the plaintiff, and could not be prejudicial to

the defendant. There was, therefore, no error prejudicial to the defendant. The judgment below is, accordingly, affirmed.— *Affirmed.*

STEVENS, ARTHUR, FAVILLE, and DE GRAFF, JJ., concur.