11442

PITTMAN v. LeMASTER

(121 S. E., 677)

1. PHYSICIANS AND SURGEONS—INSTRUCTION ON BURDEN OF PROOF IN ACTION UPON QUANTUM MERUIT HELD ERROR.—Where a physician sues under a *quantum meruit* for professional services and defendant sets up a special contract, an instruction that, upon the issue of special contract, if the evidence is evenly balanced the jury must find for defendant upon the ground that plaintiff must make out his case by the preponderance of the evidence, *held* error.

2. Work and Labor—Evidence of Services and Their Value Makes Out Prima Facie Case of Implied Contract.—Where plaintiff sues on a *quantum meruit* and proves the services and their value, he makes out a *prima facie* case upon the theory that an implied contract has been established to compensate him for their reasonable value.

3. Work and Labor—Defendant Must Plead Express Contract and Has Burden of Proving It.—In an action on a *quantum meruit* where defendant relies on a restrictive express contract fixing the amount of compensation, he must set it up as an affirmative defense and has the burden of establishing it.

Before Bowman, J., Cherokee, Fall Term, 1922. Reversed and remanded.

Action by Dr. J. G. Pittman against R. R. LeMaster. Judgment for plaintiff for the amount admitted to be due, and plaintiff appeals.

*Messrs. Butler & Hall,* for appellant, cites: *Burden of proof on defendant as to express contract alleged:* 111 S. C., 1.

*Mr. G. W. Speer,* for respondent, cites: *Force and effect of agreed statement of facts on appeal:* 101 S. E., 830.

March 11, 1924.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action for $150.00, the alleged value of services rendered by the plaintiff as a physician to the wife of the defendant. The action is upon a *quantum meruit.* There is no dispute between the parties as to the fact that the service was rendered to the wife in childbirth or that it was entirely satisfactory. The defendant's contention is that he and the physician made a special contract covering the service, by which the physician was to be paid $35.00 plus mileage, $3.50, total $38.50, for which he had deposited a check with the Clerk of Court. Upon this ssue the jury rendered a verdict in favor of th plaintiff for $38.50, and the plaintiff appeals.

The appeal involves the sole question as to the burden of proof where the plaintiff sues upon a *quantum meruit* and the defendant sets up a special contract.

The Circuit Judge, at the request of the plaintiff, charged the jury that under such circumstances the burden of proof was upon the defendant to establish the special contract alleged; and immediately at the request of the defendant charged that upon the issue of a special contract, if the evidence was evenly balanced, the jury must find for the defendant upon the ground that the plaintiff must make out his case by the preponderance of the evidence.

The two propositions are inconsistent; if the burden of proof was upon the defendant to establish the special contract, an even balancing of the evidence would of necessity determine the defendant's failure to establish his defense.

This principle is settled beyond question: When the plaintiff sues upon a *quantum meruit* and proves the services and their value, he makes out a *prima facie* case upon the reasonable theory that an implied contract has been established to compensate him for their reasonable value. If the defendant relies upon a restrictive express contract fixing the amount of compensation, he must set it up as an affirmative defense, the burden of establishing which is upon him.

In the case at bar, as stated, there was no contention on the part of the defendant but that the physician satisfactorily and at his request performed the services indicated. The plaintiff, therefore, established a *prima facie* right to recover the reasonable value of such services, unless that value was fixed by an express contract which the defendant alleged and was under obligation to establish.

The Circuit Judge correctly charged the law in the first instance, but nullified it by charging that if the evidence was evenly balanced the plaintiff must lose; in other words, that the defendant could successfully carry his *onus probandi,* the preponderance of the evidence, by evenly bal-

ancing the evidence pro and con upon the issue of a special contract.

In 40 Cyc., 2845, it is said:

"The burden is upon the plaintiff in an action to recover the reasonable value of his services, not only to prove what services he rendered, but also to show the value of such services rendered by him .* * * The burden is on the defendant to show that such services were rendered gratuitously, or under a special contract fixing the manner and amount of compensation."

In *Coles v. Holmes,* 2 Speer, 360, it was held that the plaintiff in an action for work and labor is entitled to recover upon proof of the work done and materials furnished; that, even if there was a written contract covering the services, the defendant as matter of defense might produce and rely upon it.

In *Sanns v. Neal,* 52 Ohio St., 56; 38 N. E., 881, it is held that where plaintiff sues for services rendered under an implied contract, and the defendant, admitting the services, alleges that they were to be paid for under a special contract, the burden of proof is upon the defendant to establish such contract by a preponderance of the evidence.

In *Foster Co. v. Club* (sup.), 120 N. Y. Supp., 809, it was held that where plaintiff sued for the value of work and labor, the burden was upon the defendant to show that the work was performed under a special agreement alleged in the answer.

In *Mansfield v. Mallory,* 140 Iowa, 206; 118 N. W., 290, it is held that in an action for the value of services, the defendant's claim of an express contract was an affirmative defense, the burden of establishing which was upon the defendant.

In *Hall v. Luckman,* 133 Iowa, 518; 110 N. W., 916, it is held that in an action for work and labor, the service and its performance being admitted, the burden was on the defendant to establish the express contract relied upon.

In *Gallaher v. Madsen,* 178 Ill. App., 421, it is held:

"In an action for labor and material furnished, where plaintiff proves facts from which an implied agreement arises, it devolves upon defendant to prove his claim of an express agreement."

In *McFarland v. Dawson,* 128 Ala., 561; 29 South., 327, it is held:

"Where the defense of special contract and payment was interposed to plaintiff's claim on the common counts for work and labor performed, a charge that, if the jury are satisfied from the evidence that the plaintiff performed the services for the defendant with his knowledge and consent and at his request, the law implies a promise on the part of defendant to pay a fair compensation therefor, unless there was an express agreement to the contrary, and the burden is on the defendant to prove such agreement by a preponderance of evidence, was correct, since the special contract and payment are each affirmative defenses."

In *Pendleton v. Cline,* 85 Cal., 142; 24 Pac., 659, it is said:

"On a *quantum meruit* for services the defendant has the burden of proving a special contract as to time and price under which he alleges the work was done."

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.