ANDREW OLSON, Appellee, v. HUGH M. SHULER et al., Appellants.

No. 39324.

NOVEMBER 20, 1928.

REHEARING DENIED APRIL 5, 1929.

*Carr, Cox, Evans & Riley,* for appellants.

*Bradshaw, Schenck & Fowler,* for appellee.

WAGNER, J.—This is the second appeal of this case to this court. The opinion on the prior appeal is found reported in 203 Iowa 518.

The plaintiff's action is for services rendered in procuring coal leases of a considerable acreage of land for the defendants. As to the employment of the plaintiff by the defendants, for the purpose of procuring said leases, there is no dispute; and the plaintiff was engaged in that pursuit for the defendants from on or about the 3d day of March, 1919, to the latter part of the year 1921. It is conceded that, during that period, the plaintiff secured coal leases for the defendants upon certain lands, and that, after test drilling thereon, 6,184 acres of said lands were found to be underlaid with workable coal, and that the defendants accepted, retained, and paid royalty under said leases so secured upon said acreage. The plaintiff's action is expressed in three

counts of his petition, each of which is based upon a *quantum meruit*.

In the first count, the plaintiff alleges, in substance, that, on or about the 3d day of March, 1919, the defendant orally employed him to secure coal leases in and around the town of Grimes, Iowa; that the plaintiff entered upon said employment, and during the period he' was so engaged, secured for the defendants many hundreds of acres of coal leases in said vicinity, all of which defendants prospected, and 6,184 acres of which defendants still hold; that the reasonable value of the services performed was at the rate of $10 per acre, or $61,840.

In the second and third counts, the plaintiff alleges, in substance, that, on or about the 3d day of March, 1919, the defendants orally requested of the plaintiff that he secure coal leases for the defendants in and around the town of Grimes, Iowa; that they urged the plaintiff to spare neither time nor money in securing such leases, and stated that, if the defendants, after prospecting, found a workable field of coal, they would pay liberally for his services in securing such acreage; that he entered upon said employment, and during the period he was so engaged, secured for the defendants. leases upon many acres of land; that defendants prospected all of said land, and found workable coal under 6,184 acres of said land. He alleges in the second count that the reasonable value of his services so performed was $65,000, and in the third count, he alleges that the reasonable value of said services was $61,840. The defendants answered by general denial.

The defendants allege error on the part of the trial court in that the plaintiff was permitted to introduce evidence of a prior transaction between the plaintiff and the defendants, with reference to the procuring of coal leases in Boone County, for which service the plaintiff was to receive $10 per acre.

The plaintiff introduced in evidence a portion of the defendant Shuler's testimony at the prior trial, which is, in substance, as follows: That, prior to March 3, 1919, he did have an understanding with the plaintiff in regard to taking leases in Boone County; that the plaintiff represented to him (Shuler) that he (plaintiff) and John Lindblom were taking leases, or were going to take leases, and the agreement was that the plaintiff was

to take those leases, and Shuler was to drill them out, and if there was no coal found, the plaintiff was to receive nothing for his work, and if coal was found, the plaintiff was to receive $10 an acre; that he (Shuler) did not drill any up there (Boone County), and paid Olson and Lindblom for their time and expenses. The plaintiff, during the trial of this case, testified that the defendant Shuler, in June, 1919, said to him:

"You are not spending any time up around Boone, are you? We are finding what looks to be a good field of coal here. I wouldn't do any more work up around Boone. This will make you a whole lot more than the Boone field."

Thus it appears that, in accordance with the opinion on the prior appeal, said evidence was admissible.

The plaintiff, from the transcript of the testimony taken on the former trial, introduced the testimony of one Seevers as to the reasonable worth and value of the services rendered. After testifying as to his qualifications as an expert, he was asked the question as to what was the reasonable value of such services at that time, and he answered:

"Well, if a man would have secured me good coal in that field, I would have been willing to pay him ten or twelve dollars an acre, or maybe more."

On the trial of the instant case, the defendants made a motion that said answer be excluded, which motion was sustained. After a colloquy among the respective attorneys and the court as to the action of the court, the plaintiff's attorney, without objection, read in evidence the cross-examination of said witness, which is to the effect that the services rendered are reasonably worth $10 or $12 an acre. After plaintiff had concluded the reading of the cross-examination, the court said:

"In view of the fact that all of the testimony of the witness in the cross-examination has gone into the record, the objection to the testimony of the witness Seevers, relating to the value of the services, in which he stated what he would be willing to pay, is overruled."

The defendants allege error at this point. It is manifest

that all that the witness had said, in substance, is that he would be willing to pay what he testified is the reasonable value of the services. While it would have been strictly right if the court had not reversed his former ruling, yet it cannot be said that there was any prejudicial error at this point.

The defendants complain of the wide latitude which was permitted by the court in the cross-examination of one of defendants' expert witnesses. Great latitude may properly be allowed  in the cross-examination of an expert witness. The matter rests largely in the discretion of the court, and we find no abuse of discretion in this case. See *Bennett v. City of Marion*, 119 Iowa 473; *Taylor v. Star Coal Co.*, 110 Iowa 40; *In re Estate of Austin*, 194 Iowa 1217.

The court, in his instructions, in stating the issues, set out, in substance, the claims of the plaintiff, as averred in the three counts of the petition. This the defendants complain was error.  It is not claimed by the defendants that the statement was too prolix, or that it was not comprehensive; neither is it claimed that the court erred in the subsequent instructions, in stating what the plaintiff must prove by a preponderance of the evidence before he is entitled to recover. As hereinbefore stated, the several counts are based upon *quantum meruit*, and it is plainly apparent that the averments thereof relate to the same transaction. The evidence was applicable to each count. The court, in the instructions, limited the amount of plaintiff's recovery, if any, to the minimum asked in any one of said three counts. Defendants' contention at this point is devoid of merit. See *Chicago & E. I. R. Co. v. Filler*, 195 Ill. 9 (62 N. E. 919) ; *Southern Indiana R. Co. v. Peyton*, 157 Ind. 690 (61 N. E. 722).

It is the contention of the defendants that, on the 19th day of December, 1919, an agreement was entered into by them with the plaintiff, by the terms of which the plaintiff was to receive a  salary of $250 a month from that date; and the defendant Shuler so testified. A portion of the checks which the plaintiff received from the defendants thereafter have written thereon the word "Salary" for a specified month. The plaintiff testifies that no such arrangement was entered into, and that he did not know

of the memoranda upon the checks when he received and cashed them. The court, in one of its instructions, refers to said checks, and therein stated that, if the plaintiff accepted said checks with the knowledge that the same were tendered to him by the defendants in full payment for his services for the time indicated in the memoranda indorsed thereon, the plaintiff would be bound thereby; but that, if at the time of accepting said check, or checks, the plaintiff did not know that the same were being tendered to him by the defendants in full payment of the services indicated by the memoranda on the back thereof, then such amounts might be considered as payments on account, rather than in full payment for the services rendered. The giving of said instruction is assigned as error by the defendants. The plaintiff admits the receiving of the sum of $7,000. The defendants' evidence fails to establish the payment of any greater sum. The court, in another instruction (No. 2), told the jury that, before the plaintiff can recover in this action, the burden is upon him to prove, by a preponderance of the evidence, that, during the term of his employment, no particular sum had been agreed upon as his compensation; that, in the performance of said employment, he rendered the services as alleged, and the reasonable worth and value of the services so rendered. There is no exception to this latter instruction. Since there is no claim on the part of the defendants of payment of any greater sum than $7,000, as claimed by the plaintiff, the memoranda indorsed upon said checks could only be corroborative of what defendants claim was an agreement entered into on the 19th day of December, 1919. It is manifest that, if such an agreement was entered into on that date, then plaintiff could not recover the reasonable worth and value of his services for the entire period; but, on the other hand, if no such agreement was entered into at that time, then he could recover the reasonable worth and value of his services for said period, less any payments made. It is manifest that plaintiff's knowledge or lack of knowledge of the memoranda which appeared upon the checks would be of importance in the determination of this question. We find no error in the instruction of which the defendants can complain. See *St. Croix Lbr. Co. v. Mitchell*, 4 S. D. 487 (57 N. W. 236). Our holding in *Minnesota & Ontario Paper Co. v. Register & Tribune Co.*, 205 Iowa 1228, as applied to the record in this case, is not in conflict with our

holding at this point. If anything, the instruction was more favorable to the defendants than they were entitled to, and of such an instruction they cannot complain. *McFarlin v. Quegg*, 195 Iowa 624. The defendants, relying upon *Brenton Bros. & Leach v. Hill*, 197 Iowa 125, contend that the court, in Instruction No. 2, should have placed the burden of nonpayment upon the plaintiff. We find it unnecessary to make any pronouncement on this contention of the defendants'. It is sufficient to say that no exception raising said proposition was made to said instruction. The case seems to have been tried upon the theory that the original contract was made as contended by the plaintiff, and that $7,000 had been paid to the plaintiff; but defendants contended, as aforesaid, that a new contract was entered into on the 19th day of December, 1919, and that he was to receive a fixed salary from that date, which latter agreement is denied by the plaintiff. In this state of the record, and for the foregoing reasons, we discover no prejudicial error at this point. The court, in the instruction under attack, did not place any burden as to payment upon the defendants.

The defendants complain because the court, in an instruction, told the jury that, in determining the reasonable value of the services rendered by plaintiff, they might, with other matters  specified, take into consideration the fact that a part of the land was underlaid with coal, the location of the mine, and the terms and conditions of the lease, along with all the other facts and circumstances as disclosed by the evidence and bearing on this question. It was not improper for the court to so instruct the jury, as they were all matters bearing upon the question for determination.

The defendants make the further complaint that the verdict is contrary to the law and the evidence. We have read the record with care, and find no merit in this contention of the defendants'.

Since we find no prejudicial error in the record, the judgment of the trial court is hereby affirmed.—*Affirmed.*

STEVENS, C. J., and FAVILLE, MORLING, and KINDIG, JJ., concur.