M. P. McKEOWN, Appellee, v. A. R. McKEOWN, Appellant.

No. 42858.

NOVEMBER 12, 1935.

Thompson & Thompson and Hanley & Hanley, for appellant.

John G. Kammerer, for appellee.

ANDERSON, J.—This is an action at law brought by the plaintiff-appellee, M. P. McKeown, against A. R. McKeown, defendant-appellant, to recover for the use of certain real estate by the defendant for the years 1932 and 1933, also for damages by reason of the destruction by the defendant of certain buildings upon the real estate in question, also for the conversion by the defendant of certain personal property of the plaintiff; and further claiming that the acts of the defendant in entering upon the possession of said real estate in March, 1932, and the destruction of the buildings thereon, and the conversion of certain personal property of the plaintiff, was wilful, unlawful, and malicious, and plaintiff asked, in addition to his actual damages, exemplary or punitive damages in the sum of $1,000.

The defendant answered admitting the plaintiff's ownership of the real estate in question, and admitting defendant's possession of the real estate as alleged by plaintiff and the destruction of certain buildings thereon, and claimed as a defense that he took possession and removed certain of the buildings under the terms of a written lease which had been assigned to him.

The plaintiff in a reply to defendant's answers states that the lease, together with the assignment thereof under which the defendant claimed, was spurious, and that the signatures thereto were forgeries.

The case was submitted to the jury, and the jury returned a general verdict against the defendant in the sum of $2,063. Special verdicts were also returned by the jury finding that the rental value of the land involved in the action for the years 1932 and 1933 was $500; and that the fair market value of the property (buildings) destroyed by the defendant on the farm in question was $550; and that the value of the personal property converted by the defendant was $13; and that plaintiff be allowed exemplary damages in the sum of $1,000. A motion for a new trial was overruled, and judgment was en-

tered on the verdict for the amount thereof, from which defendant appeals.

Upon the issues as made by the pleadings, the cause proceeded to trial, and, after the trial had proceeded for eight or nine days and after the close of plaintiff's evidence, the defendant filed an amended answer attempting to withdraw parts of the answer upon which the case was tried, particularly that part which admitted the ownership of plaintiff of the real estate involved, and also claimed that there was another action pending involving the title to the real estate. The record shows that the action pending, to which reference was made in the amended answer, was actually filed on the day that the amended answer was filed. A motion was made to strike the amended answer on the ground that it changed the issues, and the court sustained the motion to strike said answer, and the trial of the case proceeded to its termination.

The striking of the amended answer is one of the errors assigned. The right to amend pleadings in this state is not an absolute and unqualified one. An amendment may be allowed only in the sound discretion of the court and in furtherance of justice, and, unless prejudice results or some injustice is shown, rulings in reference to such matters will not be disturbed on appeal. Livingston & Schaller v. Heck, 122 Iowa 74, 94 N. W. 1098; Mansfield v. Mallory, 140 Iowa 206, 118 N. W. 290; Guyer v. Manufacturing Co., 97 Iowa 132, 66 N. W. 83; Allen v. Church, 127 Iowa 96, 102 N. W. 808, 69 L. R. A. 255, 109 Am. St. Rep. 366, 4 Ann. Cas. 257; Dumont v. Peet, 152 Iowa 524, 132 N. W. 955; Moyers v. Fogarty, 140 Iowa 701, 119 N. W. 159.

From the statement contained in the proposed amendment it clearly appears that the final determination of the case would be delayed, that the plaintiff would be required to introduce other evidence, that the issues were materially changed, and that the allowance of such amendment would be prejudicial to the plaintiff. The proposed amendment was untimely and belated. The defendant had admitted that the plaintiff was the owner of the land, and admitted that he, the defendant, had been in possession thereof and had destroyed the buildings upon the land, and sought to absolve himself from liability, relying wholly upon a written lease and the assignment thereof. After the trial had proceeded eight days upon the issues thus

joined and was about ready to be submitted to the jury the defendant attempted to plead entirely different issues. We are of the opinion that the court rightly struck the amendment from the files.

Another complaint made by defendant appellant and assigned as error is that the court failed to instruct the jury upon the question of estoppel or abatement of plaintiff's action. The trouble with this complaint is that the defendant failed to plead an estoppel or abatement, and this is a sufficient answer to appellant's complaint on this proposition.

There are other matters claimed as error by the appellant, all of which we have noticed, and none of which have any merit. We might note in passing that the abstract is very brief and incomplete, and it has been difficult to even approximate the facts as might be disclosed had we been furnished with a full complete abstract of the record. However, appellant seems to have been content with furnishing an abbreviated abstract in the belief that it sufficiently contained the record as to the points involved in this appeal. Much of appellant's argument consists of statements we are unable to find in the abstract.

The controverted issues were fairly and properly submitted to the jury under the instructions of the court, and the special and general verdicts returned have substantial support in the record. We find no error, and an affirmance follows.—Affirmed.

KINTZINGER, C. J., and ALBERT, PARSONS, MITCHELL, DONEGAN, HAMILTON, RICHARDS, and POWERS, JJ., concur.